## STANLEY BIRD MOTOR CO. v. ALLEY.

Court En Banc.    August 8, 1925.

Petition for Certiorari denied by Supreme Court October 10, 1925.

1. **Sales. Statute requiring advertisement for sale within ten days after retaking car does not apply where seller gains possession of property for other purpose.**
Where the buyer of an automobile under conditional contract of sale returned it to the seller, not to be taken back on indebtedness, but to sell it for the buyer, there was no "regaining of possession," as contemplated by Shannon's Code, Sections 3666, 3668, requiring property to be advertised for sale within 10 days after seller has regained possession because consideration is not paid.

2. **Sales. Whether auto bought under conditional sales contract was returned to the seller to be sold for buyer held for jury.**
In action on note given as payment for automobile under conditional sale contract, where evidence was conflicting as to whether plaintiff had accepted return of car for purpose of sale at defendant's request, held, question was one for jury.

3. **Trial. Court cannot direct verdict where material evidence is disputed.**
If there is any dispute as to any material evidence or any legal doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried, the court cannot direct a verdict.

4. **Trial. Evidence is construed most strongly against party requesting peremptory, instructions.**
Evidence must be construed most favorably to the party against whom peremptory instructions are requested.

5. **Trial. Court cannot direct verdict because he disbelieves testimony.**
The action of the trial judge in directing a verdict for defendant, because he did not believe plaintiff's story, cannot be sustained under the rules of procedure adoped in this state.

6. **Payment. Seller under conditional sales contract is entitled to apply proceeds of sale, in absence of buyer's directions.**
Where seller of automobile under conditional sales contract takes two notes for the purchase price and later repossesses car and sells it to satisfy the debt, in absence of direction he may apply the money on either note.

7. **Sales. Evidence held not to warrant finding that conditional seller, retaking automobile. failed to properly advertise sale.**
In action by seller to recover on note of buyer given for automobile purchased under conditional sales contract, defended on ground that seller

had not advertised car for sale within 10 days after regaining possession, as required by Shannon's Code, Section 3666, 3668, defendant's letter that he had returned the car, together with other testimony as to purpose of such return, held not to warrant finding that seller failed to advertise car within terms of the statute.

Appeal in Error from Circuit Court, Blount County; Hon. Sam C. Brown, Judge.

Drinnen & Sims, of Maryville, for plaintiff in error, Motor Company.

McTeer, Kramer & Quinn, of Maryville, for defendant in error, Alley.

CROWNOVER, J. This was an action originally instituted before a justice of the peace of Blount county to recover the balance on a $350 note given as part payment for a Studebaker automobile, the title to which car was retained in the face of the note. The justice rendered judgment for the defendant, and the case was appealed to the circuit court, where it was tried by the judge and jury. At the close of all of the evidence the defendant moved for a directed verdict, and, after argument, the court directed the jury to return a verdict in favor of the defendant, which was accordingly done. The plaintiff below moved the court for a new trial because:

"(1) The court committed error in directing the jury to return a verdict in favor of the defendant.

"(2) There was no evidence to support the findings and verdict of the jury."

The court overruled said motion, to which the plaintiff excepted, and appealed in error to this court, and has assigned one error; that is, that the court erred in directing a verdict in favor of the defendant.

There is only one question in this suit, and that is whether the court erred in directing a verdict under the evidence submitted.

The plaintiff below, on June 2, 1924, sold a Studebaker automobile to defendant below for $1,160, and he executed two notes therefor, one for $350, due in 30 days, and the other for $810, due September 2, 1924. The title to said car was retained in said notes to secure their payment. The first note was retained by the Stanley Bird Motor Company, but the second note was transferred to the Industrial Finance Corporation of South Bend, Ind., shortly after its execution, and the defendant paid two installments thereon to said indorsee.

The defendant below returned said automobile to the Stanley Bird Motor Company on August 19, 1924, as he states, because he could not pay for it, but the motor company did not advertise and sell said car until October, 1924. The motor company, after advertising said car, sold it on October 21, 1924, attempting foreclosure

under its notes in compliance with the conditional sales statute of Tennessee (Shannon's Code, section 3666). Said car brought at said sale $705, and the proceeds were applied on the balance due on the Industrial Finance Corporation's note of $648, which left a balance of $57, that was applied on the plaintiff's note, and there remained $293, principal due plaintiff, which, together with interest and attorney's fees, amounted to $334, for which this suit was instituted. The motor company made no charge for its services in making the sale.

The plaintiff below insists and Mr. Bird testified that the defendant, Alley, brought the automobile back to his garage at Maryville, and asked him if he would not take the car back, but he declined, saying that he could not handle the car at the time, but would try to help Alley sell it, and the car was left at the garage for him to help sell; that he talked to several persons about selling the car, and referred them to the defendant, as the defendant had not fixed any price on the car. He further testified that Alley had met him on the street several times, and asked him if he had found a buyer for his car. On August 30, 1924, the defendant wrote to the Industrial Finance Corporation at South Bend, Ind., a letter, which is as follows:

"I take this step to notify you that, unfortunately, misfortune has overtaken me to such an extent I found I would be unable to make my payments promptly. I returned the car to Stanley Bird Motor Company on or about 19th of this month, as I did not want to keep it until there was a payment due, knowing that I would not be able to take care of it, but hope some day to own one, which I will have to buy through the Industrial Finance Corporation."

This letter was some time later sent by that corporation to the Stanley Bird Motor Company, but the date is not definitely shown. However, on September 30, 1924, the Industrial Finance Corporation wrote Alley that it was informed that the Stanley Bird Motor Company had not retaken possession of the car for the purpose of foreclosing on its note, but was merely attempting to resell it for him, and that corporation insisted that the defendant make some arrangments to pay its note so as to preserve his equity in the car.

On September 30, 1924, said Industrial Finance Corporation wrote the Stanley Bird Motor Company that it had just written the defendant, and was inclosing a copy of the letter, and it suggested that, if the purchaser did not remit the September installment, it would have to consider the car as being repossessed, and expressed a desire that the motor company persuade the defendant to retain the car.

Mr. Bird testified that some time after receiving this letter he saw the defendant on the street, and asked him what he was going to do about the car. The defendant replied that he "was not going to have any more to do with it, and that the motor company could take the car and do what it pleased." He testified that within 3 or 4 days after this conversation he advertised the car for sale by printed posters, and filed a copy of the advertisment as exhibit to his testimony, which advertisment is dated October 11, 1924, and in which the sale was advertised to take place at 10 o'clock a. m. on October 21, 1924. He also filed a copy of the written notice of the sale that was given to the defendant. He further testified that the conversation he had with the defendant above referred to was the first notice the motor company had that the defendant did not intend to pay the notes and that he would have to resort to a foreclosure under the conditional sales statute.

The defendant, Alley, insists that, as soon as he ascertained that he could not pay for the car, he returned it to the plaintiff below on August 19, 1924, and told that company to make its money out of the car, and that he wrote the Industrial Finance Corporation on August 30, 1924, informing that company of this fact, and that the plaintiff below had delayed the sale until October 21, 1924, which was more than 30 days after it had regained possession of the car.

There is plainly a sharp conflict in the testimony of the parties. The plaintiff insists that the car was left with it only for the purpose of helping the defendant resell the car, and not for the purpose of foreclosing under the notes, while the defendant insists that the motor company had taken possession so as to make its money out of the car. It is true that the plaintiff's witness Mr. Bird states that he is not positive just what the defendant said when he brought the car to the garage, when the car was brought there, or whether he saw the defendant afterwards and talked to him, but he does state positively that the understanding was that the car was to be left there that the motor company might help the defendant sell it.

Now, if the car was returned with the understanding that the plaintiff would not take it back on its indebtness, but would help the defendant try to sell it, this is not "regaining possession of the property, because the consideration remained unpaid at maturity." Under the statute it is necessary that the plaintiff advertise the property as provided by the statute within 10 days after the seller has regained possession because of the consideration remaining unpaid. If he obtains possession for any other purpose, then the statute does not apply.

We have had cases before us where a car was returned to the motor company for the purpose of repairs, and not for the purpose of foreclosing on the unpaid notes that retained title of the property,

and we held that the statute did not apply, although the motor company had held the car for the repair bill until after the note had matured. Many other instances might be cited, such as where the motor company had sold a car and retained title to secure the payment and the purchaser having stored the car in the motor company's garage. The statute does not apply until the motor company takes possession on account of default in payment at or after maturity. In other words, this statute does not apply where the motor company took possession of the car as bailee for any purpose other than that because the consideration remained unpaid for the purpose of foreclosure. The statute does not apply where the motor company took possession for the purpose of repairs, storage, transportation, etc.

The statute provides in part as follows:

"When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within 10 days after regaining possession, advertise said property for sale," etc. Shannon's Code, section 3666.

Another section provides that—

"Should said property, at the sale provided by this article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser."

See Shannon's Code, Section 3668.

Now this was the identical controversy between these parties, that is, whether the motor company took said car for the purpose of helping the defendant sell it or whether it took possession under its notes for the purpose of foreclosure. The evidence sharply conflicts, and we think that it should have been left to the jury.

Where there is no controversy as to any material fact, there is nothing for the jury to find. The question is then solely one of law for the court, but, if there is any dispute as to any material evidence or any legal doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried, the court cannot direct a verdict. See Tyrus v. Railroad, 114 Tenn., 579, 593, 86 S. W., 1074.

Evidence must be construed most favorably to the party against whom peremptory instructions are requested. See Johnston v. Cincinnati, etc., R. Co., 146 Tenn., 136, 240 S. W., 429; Western Union Telegraph Co. v. Lamb; 140 Tenn., 111, 203 S. W., 752.

The action of the trial judge in directing a verdict for defendant, because he did not believe plaintiff's story, cannot be sustained under

the rules of procedure adopted in this state. See Sills v. Lathan, 3 Hig. (Tenn.), 141; Thurman v. Bradford, 3 Hig. (Tenn.), 474.

But it is insisted by the defendant that in any event the plaintiff below had transferred the $810 note to the Industrial Finance Corporation, and that the plaintiff, having regained possession, and having sold the car, should have applied the proceeds of the sale on its $350 note, and for this reason it cannot recover on the note. The proof showed that the motor company had transferred the $810 note to the Industrial Finance Corporation, and that note also retained the title to the car. The motor company was liable as indorser, and the defendant did not direct how the proceeds of the sale should be applied. Hence we think there is nothing in this contention, as the defendant was liable on both notes. See McDonald Automobile Co. v. Bicknell, 129 Tenn., 493, 167 S. W., 108, Ann. Cas., 1916A, 265.

It is also insisted by the defendant that he notified the Industrial Finance Corporation on August 30, 1924, that he had returned the car to the plaintiff below; that it might get its money out of the car; and that the Industrial Finance Corporation sent this letter to the plaintiff below shortly thereafter, and it thus had notice, and delayed the advertisment for sale more than 10 days, and for this reason it cannot recover.

By a careful reading of the letter we are not convinced that it, of itself, gave sufficient notice that the car was returned to the seller for the purpose of foreclosing the notes. Mr. Bird testified that he saw the defendant several times after that, and the defendant inquired whether he had obtained a purchaser, and discussed the fact that the plaintiff was trying to help him resell it. Hence we think there is nothing in this contention.

It results that the assignment of error must be sustained and the judgment of the lower court reversed. The case will be remanded to the circuit court of Blount county for a new trial. The cost of the appeal is adjudged against the defendant, for which execution may issue. The cost of the lower court will await final judgment.

All concur, except Clark, J., absent.