## LIEBERMAN *v.* PUCKETT.

*(Nashville.* January 17, 1895.)

SALES OF PERSONALTY. *Purchaser's rights defined.*

Failure of vendor of personalty, who retains title to secure the purchase price, to advertise it for sale within ten days after replevying same upon the vendee's default, does not entitle the latter to recover back the purchase money already paid, when he controverts the vendor's right of possession, under Acts 1889, Chapter 81, authorizing such recovery by the vendee unless such advertisement is made by the vendor within ten days after his regaining possession.

Acts construed: Acts 1889, Ch. 81.

Case cited and distinguished: Cowan *v.* Singer Mfg. Co., 92 Tenn., 376.

FROM DICKSON.

Appeal from Chancery Court of Dickson County. A. J. ABERNATHY, Ch.

NATHAN COHN for Lieberman.

HARDIN LEECH for Puckett.

WILKES, J. Complainants sold defendant an engine, boiler, and sawmill for $1,100, of which $275 was paid in cash, and for the remainder notes were executed, falling due in installments. These

18—10 P

notes were not paid as they fell due, and complainants, having reserved the title to the machinery in their sale, filed this bill to replevy the same, and under it obtained possession of the property. The bill was filed in September, 1891, and process was returnable to March, 1892. At that term defendant, Puckett, filed an answer contesting the right of complainants to retake the machinery, and also made his answer a cross bill, in which he sought to have refunded to him the $275 which he had paid in cash, and to have certain attachments redelivered to him, which were not embraced in the original sale, but were added by the defendant to the outfit after his original purchase.

The Chancellor gave judgment against the defendant for the possession of the property, except the added attachments, and as to this gave judgment for $80 against complainants, and from this there is no appeal. The Chancellor dismissed the cross bill so far as it sought to recover back the cash payment of $275, and defendant appealed, and has assigned as error this action of the Chancellor in refusing to require the purchase money to be refunded. Other questions originally raised have been eliminated, and need not now be noticed.

Appellant bases his right to recover upon the construction of the Act of 1889, Chapter 81, page 117, Sections 1 and 4. This Act provides, in substance, that where any personal property is sold upon condition that the title remain in the seller

until the unpaid part of the consideration is paid, it shall be the duty of the seller, having regained possession of such property, within ten days after regaining such possession, to advertise said property for sale, etc. (Sec. 1); and if the seller, having gained possession, fail to advertise and sell as the Act provides, then the original purchaser may recover from the seller that part of the consideration paid, etc. Sec. 4.

This Act was construed in *Cowan* v. *Singer Manufacturing Co.*, 8 Pickle, 376–384, and that case is relied upon as decisive of this. In that case it was properly held that the duty of the original vendor to resell the property upon reclamation is positive, and failure to perform that duty fixes upon him absolute responsibility to the purchaser for the purchase money previously paid.

The Act clearly contemplates two cases—one where the vendor retakes possession by consent of the purchaser, and the other where it is necessary to regain the possession by process of law in the absence of consent. This can be done by an action of replevin, and if the complainant's right, under his replevin, to hold the property is not controverted, as well as when possession is gained by consent, it is the duty of the vendor to at once proceed, under the statute, to make the sale required. But where the right to retain the possession under the replevin suit is controverted and litigated, the vendor cannot be said to have regained

possession in the sense contemplated by the Act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession; nor can the purchaser, so long as he litigates the right of the complainant to retake and retain possession, require that he shall proceed, at his peril, to make the sale required by the statute.

In this case, although complainants had taken possession under their replevin writ, they must be considered as holding that possession to await, in the first instance, the result of that replevin; and, until their right to possession is conceded or fixed by the Court, they are under no obligation to proceed to sell under the statute, nor could they properly do so.

Complainants' right to retake possession under their contract and the law in such cases is plain, and, in that respect, the Chancellor's decree is correct. He was also correct in dismissing the cross bill and denying a recovery to defendant of the cash paid by him during the pendency and litigation of the replevin suit. The decree as to the eighty dollars is conceded to be correct.

Let the decree be affirmed, with costs.