Russell v. Clinton Motor Co.

R. W. RUSSELL *v.* CLINTON MOTOR CO. *et al.**

(*Knoxville.* September Term, 1922.)

1. **SALES.** One alleging sale was fictitious has burden of proof.

One alleging that a sale was a fictitious one and not meant to convey title has the burden of proving the allegation. (*Post, p.* 60.)

2. **SALES.** Conditional sales law, requiring public sale of reclaimed property, cannot be waived by vendee before property actually retaken.

Thompson's-Shannon's Code, section 3666, requiring the vendor upon retaking chattel sold under a conditional sales contract upon default to advertise and make public sale of same, cannot be waived by the vendee until after such chattel has been actually retaken. (*Post, p.* 60.)

Cases cited and approved: Lethe Miner v. I. Jackson & R. Dorman Co., (Mss. 1895, Nashville); Massillon Engine, etc., Co. v. Wilkes, 82 S. W., 316.

Code cited and construed: Sec. 3666 (T.-S.).

3. **SALES.** Automobile in vendor's garage held sufficiently reclaimed to validate waiver of statute requiring public sales.

Where default has been made in the payments on an automobile sold under a conditional sales contract, and such car is kept in the vendor's garage, *held* that there was a sufficient reclamation of the car by the vendor to validate a waiver by the vendee of the public sale required by the Conditional Sales Law. (*Post, p.* 60.)

4. **SALES.** Vendor in uncontroverted possession after default under conditional sales contract may advertise and sell.

Where vendor under conditional sales contract is in possession, not controverted, of the property sold after default, his right to advertise and sell under the statute has accrued. (*Post, p.* 60-62.)

Cases cited and approved: Lieberman v. Puckett, 94 Tenn., 273; Kenner & Co. v. Peters, 141 Tenn., 58.

*On effect of the retaking of property by the seller on the rights and remedies of the parties to a contract of conditional sale see note in L. R. A., 1916A, 915.

Russell v. Clinton Motor Co.

FROM ANDERSON.

Appeal from the Chancery Court of Anderson County.—
HON. JOHN JENNINGS, JR., Judge.

J. H. UNDERWOOD and J. B. BURNETT, for appellant.

J. H. WALLACE, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

The bill herein was filed to enjoin a suit at law by the
Clinton Motor Company on certain notes executed by com-
plainant R. W. Russell. The Clinton Motor Company
answered, and filed a cross-bill against said Russell. The
chancellor dismissed the original bill, and rendered a de-
cree on the cross-bill, and the complainant has appealed.

On August 9, 1920, the parties entered into a written con-
tract whereby the complainant Russell agreed to buy a
Briscoe automobile at the price of $1,395 and in which it
was agreed that the legal title of said car should not pass
from the Clinton Motor Co. to the complainant Russell un-
til the full purchase price thereof was paid. On the same
day Russell executed two notes for $697.50, each payable,
respectively, in thirty and ninety days. In the face of these
notes it was stated that they were executed "in considera-
tion of the purchase of one Briscoe automobile motor No.
—— to me or us conditionally sold" and it was further re-
cited in the notes that—"The Clinton Motor Company re-
tains the title to the above-described property until this
note, together with all of said series of notes, are fully
paid."

Russell v. Clinton Motor Co.

No payment was made upon either note by Russell, and on January 22, 1921, the complainant Russell executed another paper, at the request of the Clinton Motor Co. as follows:

"For the purpose of disposing of one Briscoe five passenger automobile No. 32953 to which the Clinton Motor Company retained title for the unpaid purchase money, I hereby waive the statute requiring the seller to advertise the sale of said automobile sold conditionally and retaken and authorize the said Clinton Motor Company to sell the above-mentioned automobile privately and for the best price possible, and I shall pay the difference between the amount due on the car and the amount received from the sale of the car as provided above."

Complainant contends that he did not in reality purchase this machine from the Clinton Motor Company. He says that the Clinton Motor Company, under which name R. A. Mosier was doing business, had the agency for the Ford cars. That Mosier was also handling the Briscoe cars. That Mosier was afraid that the Ford inspector would find this Biscoe car in his garage, and that he procured complainant to execute the contract of sale and the notes so that they might be shown to the Ford inspector and interest in the car disclaimed, if complaint was made about the Clinton Motor Company handling other cars. Complainant testifies that it was distinctly understood between him and Mosier that there was no *bona-fide* sale of this car to complainant, that complainant was not to be liable on the notes, and that the apparent ownership of the car was put in complainant to keep Mosier out of trouble with the Ford Company.

Mosier denies all the foregoing, and says that the only agreement between him and complainant about the Briscoe care was the one evidenced by these papers.

Without going into the details of the proof, it is enough to say that we think complainant has failed to establish his contention. The burden would, of course, be on him, and in our opinion he has not carried it successfully.

After the complainant signed the agreement of January 22, 1921, above quoted, the Clinton Motor Company made a private sale of this Briscoe car for $550, with which amount it credited one of complainant's notes, and it now seeks judgment for the balance of that note and the whole of the other one.

The complainant insists that the Clinton Motor Company is not entitled to recover the balance due on these notes, because he says the waiver of the public sale was made before the Clinton Motor Company regained possession of the car.

It was held by this court that there could be no waiver of the public sale required by our Conditional Sales Act (Thompson's-Shannon's Code, section 3666 et seq.) before default was made by the purchaser and before the seller regained possession.

"The waiver or agreement contemplated by the act cannot be made before default and reclamation." *Lethe Miner* v. *I. Jackson & R. Dorman Co.* (MSS. 1895, Nashville).

This case was later approved, and it was said by the court: "Until such contingency happened there could be no occasion for a waiver." *Massillon Engine, etc., Co.* v. *Wilkes* (Tenn.), 82 S. W., 316.

The question, therefore, is whether the Clinton Motor Company had reclaimed possession of this property at the

Russell v. Clinton Motor Co.

time the agreement or waiver of public sale was signed by the complainant January 22, 1921. As a matter of fact we think it had. Certainly there had been default in the payment of the two notes.

Complainant made two trips with this car from Clinton to Sevierville, and after each trip he left it in the Clinton Motor Company garage. After the last trip complainant never used the car any more, and it remained in the garage until after the waiver agreement was signed.

It is true that in his deposition Mosier says that he did not take possession of the car until complainant signed the waived. Mosier is in this testimony manifestly trying to give his conclusion as to the legal rights of the parties respecting the machine. As a matter of fact the car was in Mosier's garage, and the complainant now says he was disclaiming all interest in it. The right of Mosier to hold the car was not controverted by complainant. Where the seller has possession, not controverted, after default, his right to advertise and sell under the statute has accrued. *Lieberman* v. *Puckett,* 94 Tenn., 273, 29 S. W., 6. In view of the attitude with respect to this machine which complainant says that he assumed, he cannot now be heard to say that Mosier was not in uncontroverted possession of this automobile prior to January 22, 1921.

The description of the car involved contained in the sales contract and purchase-money notes seems scarcely sufficient under the holding in *Kenner & Co.* v. *Peters,* 141 Tenn., 58, 206 S. W., 188. This defect, however, is not noticed in any of the pleadings in this case, and is accordingly not available to either of the parties now.

As before indicated, the chancellor rendered a decree in favor of cross-complainant for the balance due on said

notes, with interest and attorney's fees for which the notes provided. We see no error in this decree, and it must be affirmed.