SIDNEY MURRAY *v.* FEDERAL MOTOR TRUCK SALES COR-
PORATION.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

142

*Corpus Juris-Cyc References: Sales, 35Cyc, p. 712, n. 79; 35Cyc, p. 711, n. 68.

NEUHARDT & LAMB, for complainant, appellant.

CANADA, WILLIAMS & RUSSELL and E. L. LERNER, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant sold a truck to the complainant, part of the purchase price being paid in a cash equivalent, and for the balance of the purchase price notes were given and title was retained to secure the payment of said notes.

An insurance policy was taken out protecting the interests of both vendor and vendee in the truck. While in use by the vendee the truck was seriously damaged in an accident and it was brought to the vendor's place for repairs. Insurance was collected covering the amount of the estimated damages to the vehicle and the vendor appropriated this insurance and applied it on unpaid purchase money notes past due. The vendee insisted that

the insurance money be applied to the cost of repairs but finally yielded this contention, apparently.

While holding the truck, delivered to it for repairs by the vendee, the vendor notified the vendee that if the amount collected from the insurance company was not sufficient to pay the remaining purchase money. notes it (the vendor) proposed to sell the truck for such balance. The insurance money was not as much as the sum remaining due and unpaid on the purchase money notes and the vendor proceeded to sell the machine, after posting notices as required by the conditional sales law, Thompson's-Shannon's Code, sec. 3666, *et seq*. At the sale the conditional vendor bid in the truck for $100 and scrapped it.

As stated above, the conditional vendor acquired possession of the truck as bailee for the purpose of repairing it. The chancellor found, and the Court of Appeals concurred in this finding, that the conditional vendee at no time agreed to surrender possession of the machine to the conditional vendor for any other purpose except for repairs.

Upon these facts the chancellor was of opinion that the vendor had no right to offer the truck for sale and that the vendee was entitled to recover from the vendor all sums paid on the purchase price as well as the insurance money collected and appropriated by the vendor. The Court of Appeals reached a contrary conclusion and that court appeared to be of opinion that the notice by the vendor to the vendee that it (the vendor) intended to sell the property, if the insurance realized was not sufficient to pay off the balance due on account of the purchase price, that this notice was effective to change the pos-

session of the vendor from the possession of a bailee to the possession of a conditional vendor who has regained custody of the property lawfully after default of the conditional vendee.

We think the Court of Appeals erred in the conclusions stated. Section 3666, Thompson's-Shannon's Code, authorizes a sale upon conditions prescribed by a conditional vendor who has "regained possession of said property because of the consideration remaining unpaid at maturity." Obviously the vendor here acquired possession of the property in no such manner.

In several cases this court has declared that possession, authorizing or requiring a sale by the conditional vendor under the statute, must be regained by process of law (by replevin usually) or by agreement of the parties. *Lieberman* v. *Puckett*, 94 Tenn., 274; *Ice & Coal Co.* v. *Alley*, 127 Tenn., 173; *Russell* v. *Clinton Motor Co.*, 147 Tenn., 57.

The notion that this vendor, to whom the truck had been delivered for repairs, could by notice convert his possession as bailee into "regained possession" under the statute, a holding adverse to the bailor, is opposed to the underlying principles of the law of bailments.

". . . it is also well settled that by the bailment a trust is created, and the mandatory becomes the trustee, and if he violate the trust reposed in him, and dispose of the goods in a manner not authorized or contemplated by the terms of the trust, he may be held liable for a conversion, aside from the question of negligence." *Cicalla* v. *Rossi*, 57 Tenn. (10 Heisk.), 67. See also 41 Tenn. (1 Cold.), 372.

It is a familiar equity rule that a trustee will not be permitted to create in himself an interest opposite to that of the *cestui que trust. Tisdale* v. *Tisdale*, 34 Tenn. (2 Sneed), 596, 26 R. C. L., 1327.

*Cowan* v. *Manufacturing Co.*, 92 Tenn., 376; *Furniture Co.* v. *Boone*, 102 Tenn., 720; *Massillon Engine & Thresher Co.* v. *C. R. Wilkes*, 82 S. W., 316, and other decisions of this court hold a conditional vendor to a strict compliance with the provisions of our statute regulating conditional sales in order that he may obtain the benefits thereof.

In the case before us the conditional vendor, not having acquired possession of this property for purposes of sale in a lawful manner, must be held to have converted the truck by the course which it took. Under such circumstances the conditional vendee is entitled to recover the value of his interest in the machine. We think his interest would be fairly measured in this case by the amount of the payments he had made.

We do not think the vendee is entitled to have a recovery of the insurance money collected, as decreed to him by the chancellor. We are permitting a recovery on the theory of a conversion, not the statutory recovery provided in section 3669, Thompson's-Shannon's Code, where the seller, having regained possession, fails to advertise and sell as provided by the statute. Moreover, the proceeds of the policy could scarcely be treated as a payment by the vendee since, as we understand counsel, the policy was taken out for the benefit of both vendor and vendee, as their interests might appear.

The decree of the Court of Appeals is accordingly reversed and the decree of the chancellor, modified as in-

dicated, affirmed. The costs of the cause will be divided between the parties.

### On Petitions to Rehear.

Both parties have filed petitions asking the court to rehear this case, disposed of at a former day of the term.

The conditional vendee urges that the court reconsider its former holding and allow him to recover the payments made by him on the truck, together with the insurance collected and appropriated by the conditional vendor, insisting that the insurance money should be treated as a payment and that section 3669, Thompson's- Shannon's Code, is applicable.

We considered this matter carefully on the original hearing. We do not think section 3669 governs the case. That section provides the vendee's measure of recovery where the seller, having regained possession of the property, fails to advertise and sell, as required by the statute. As a matter of fact, no departure from the statutory method of advertisement and sale on the part of the seller is pointed out.

The relation of the parties here became primarily that of bailee and bailor rather than that of conditional vendor and vendee and we have held the bailee to the ordinary degree of liability incurred by a bailee guilty of a conversion.

The circumstances of this case are unusual and we think the conclusion reached in this connection meets the justice of the situation.

The conditional vendor objects to our holding that in this case the value of the interest of the conditional vendee in the property might be properly measured by

the amount of the payments that the vendee had made. Upon reconsideration of this matter we agree to the contention of the vendor. The former disposition was intended to avoid the necessity of remanding the case, but the measure of damages adopted is perhaps not sufficiently accurate.

As heretofore stated, the vendee is entitled to recover the value of his interest in the truck. That interest would be the value of the truck less the amount owing to the vendor thereupon. However, it is the sound value of the truck that is to be taken as a basis for this calculation. The vendor collected the amount of the insurance, which we assume would have covered the cost of repairing the vehicle. It would not do to base the calculation upon the value of the truck after it was wrecked and without any repairs. Without repairs the truck had only a junk value.

The former decree, therefore, will be modified and the cause remanded to the court below for a reference as to the value of the truck and the amount owing thereupon, and the vendee will be entitled to a decree for the difference. The value of the truck will be estimated as it was on July 7, 1927, before the accident happened.