JOHN L. MITCHELL *v.* AUTOMOBILE SALES COMPANY.

(*Jackson*, April Term, 1930.)

Opinion filed May 24, 1930.

MADDOX & MADDOX and W. H. FISHER, for complainant, appellee.

H. S. BUCHANAN and W. G. GAVETT, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mitchell purchased an automobile from the Automobile Sales Company for $998, of which $550 was paid in cash. The balance was to be paid in monthly installments, secured by the conditional sales contract under which the purchase was made. Only one installment

was paid, and the seller, having recovered possession of the automobile, advertised and sold it. Mitchell was awarded a recovery herein, by the chancellor and Court of Appeals, for the amount he had paid on the purchase price, on the theory that the seller regained possession of the automobile and sold it without the consent of the purchaser and without process of law, and therefore was guilty of its conversion. Murray v. Federal Motor Truck Sales Corporation, 160 Tenn., 140, 22 S. W. (2d), 228.

Mitchell is a resident of Carroll County, and made his purchase in that county from Peoples, a local sales agent of the Automobile Sales Company, whose place of business was in Shelby County. In the second month after the purchase, Mitchell returned the automobile to Peoples for necessary repairs, which Peoples agreed to make without disclosing to Mitchell that he was no longer an agent of the seller. When the repairs had been made, Peoples left the automobile in charge of Brown, his father-in-law, in Henderson County, without the knowledge of Mitchell; and when the second installment of the purchase price became in default, possession was acquired by the seller from Brown, which fact was unknown to Mitchell until after the automobile had been advertised and sold.

In Murray v. Federal Motor Truck Sales Corporation, 160 Tenn., 140, 22 S. W. (2d), 227, 228, we said:

"In several cases this court has declared that possession, authorizing or requiring a sale by the conditional vendor under the statute, must be regained by process of law (by replevin usually) or by agreement of the parties. Lieberman v. Puckett, 94 Tenn., 274, 29 S. W. 6; Southern Ice & Coal Co. v. Alley, 127 Tenn., 173, 154 S.

W., 536; *Russell* v. *Clinton Motor Co.,* 147 Tenn., 57, 245 S. W., 529.''

The seller contends that the consent of the purchaser to the repossession was given in the written contract of conditional sale by language providing:

''If Purchaser should fail to pay said note or violate any of the terms of this contract or commit any act of bankruptcy or if any execution, attachment, or other writ should be levied on any of Purchaser's property, the holder of said note may declare it due and payable and the Seller and/or his representative may take possession of said Motor Vehicle and all equipment, wherever it may be found, and, may enter any premises therefor without notice or demand to Purchaser and without legal process, and Purchaser waives all claims for damages caused thereby. Said Motor Vehicle may be retained by Seller, if Seller is the holder of said note, together with any and all amounts paid thereon, which amounts shall be considered as payment for the use of said Motor Vehicle, and Purchaser shall pay to Seller any costs for necessary repairs to said Motor Vehicle. Said Motor Vehicle may be sold at private or public sale without being at the place of sale, and with or without notice to Purchaser, and Seller shall have the right at any public sale, to purchase said Motor Vehicle the same as any other person, and all laws governing such sales are hereby waived by Purchaser.''

Sustaining Mitchell's contention that the quoted provision of the sale contract was ineffective to establish his consent to the repossession for resale, and that the consent contemplated by the cases cited must be secured and given after default and not before, the Court of Appeals, in its opinion in this case, said: ''The complain-

6

ant had such a property right in the automobile that he was entitled to have a notice-of the taking or of the sale.''

■ This conception of the rights of the conditional purchaser, after default in the stipulated payments of the purchase price, is in accord with the opinion of this court in *Ice & Coal Company* v. *Alley,* 127 Tenn., 173, 179, construing the statute thus: ''It (the statute, Acts 1889, chapter 81) contemplates two cases, one where the vendor retakes possession by the consent of the purchaser, and one where it is necessary to regain possession by process of law in the absence of consent. *Lieberman* v. ¸*Puckett,* 94 Tenn., 274, 29 S. W., 6. It recognizes that both the seller and the purchaser have an interest in the property, and it makes provision for the full protection and enforcement of their respective rights. *Cowan* v. *Singer Mfg. Co.,* 92 Tenn., 376, 21 S. W., 663.''

■ The statute regulating conditional sales of personal property has been construed uniformly with regard for those rights it was designed to protect. In *Ward* v. *Sharpe,* 139 Tenn., 347, 350, 352, the court said: ''The act of 1889 referred to was based on the policy of protecting persons who buy property under conditional sales, such persons being usually impecunious. It was the intention of the legislature to protect these people from oppression on the part of vendors. . . . It was the intention of the act to protect these people, and the court has steadily upheld and given effect to that intention at all times.''

The notice to the purchaser, contemplated by the Court of Appeals in the quotation above made from its opinion, would result from the consent to repossession, given after default, or from a legal proceeding prosecuted to

establish the fact of default and the consequent right to repossession. It was in apparent recognition of such a right of the purchaser that this court, in *Russell* v. *Clinton Motor Co.,* 147 Tenn., 57, 61, said: ''Where the seller has possession, not controverted, after default, his right to advertise and sell under the statute has accrued.'' The facts found in that case were that the purchaser had placed the automobile he had purchased in the possession of the seller and had disclaimed all interest in it, so that he was thereafter not permitted to say that the seller was not in uncontroverted possession of it at the time advertisement and sale were waived.

The consent of the purchaser which has been held to be essential to the right of the seller to repossession and sale, in the absence of legal process, is not merely consent to repossession, but a consent, based upon default, which would carry with it, expressly or by necessary implication, the right to advertise and resell under the terms of the statute. Such a consent could only be given after default, or in repudiation of the agreement to pay the balance due, and not in the written contract evidencing the obligation to pay.

The necessity for possession by consent or through legal process, preliminary to advertisement and resale, was first stated in *Lieberman* v. *Puckett,* 94 Tenn., 273, 275, where the statute was thus construed:

''The Act clearly contemplates two cases—one where the vendor retakes possession by consent of the purchaser, and the other where it is necessary to regain the possession by process of law in the absence of consent. This can be done by an action of replevin, and if the complainant's right, under his replevin, to hold the property is not controverted, as well as when possession is gained

by consent, it is the duty of the vendor to at once proceed, under the statute, to make the sale required. But where the right to retain the possession under the replevin suit is controverted and litigated, the vendor cannot be said to have regained possession in the sense contemplated by the Act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession; nor can the purchaser, so long as he litigates the right of the complainant to retake and retain possession, require that he shall proceed, at his peril, to make the sale required by the statute.''

The theory of the holding in *Lieberman* v. *Puckett* is clearly that possession alone is not sufficient to authorize a resale by the seller. The fact of default, upon which the right to resell depends, must have been established; and, in the absence of consent, this can only be done by final judgment in an appropriate action. The seller, in *Lieberman* v. *Puckett,* had regained possession by the writ of replevin, but so long as his right to retain possession was controverted by the purchaser, the defendant in the replevin suit, it was held that the seller was ''obligated to hold that possession to await the determination of the contest over the right to possession.''

Applying the principle of the holding in *Lieberman* v. *Puckett* to the facts of the cause before us, it seems clear that upon regaining possession of the automobile, it was the duty of the seller to notify the purchaser of the fact and that a default was claimed, on account of which the seller's right to advertise and resell would be pursued. If, after such notice, the purchaser failed to reclaim the automobile, his consent would have been necessarily inferred. If for any reason such notice could not have been given the purchaser, in time for the

seller to have complied with the statutory requirement for advertisement of sale within ten days from the date possession was acquired, the seller's rights could have been protected by the commencement of an action to establish the fact of default and to enforce his lien.

For the same reasons which impelled the court to hold that waiver of the advertisement and sale, required by the statute, may not be made until after default and reclamation, *Ward* v. *Sharpe, supra*; *Massillon Engine & Thresher Co.* v. *Wilkes,* 82 S. W., 316, we hold that consent to repossession for default in the payment of the purchase price, carrying with it the right to advertise and resell, can only be given after the occurrence of the default upon which the right to repossession is based. This we believe to be the essential purpose and intent of the conditional sales statute.

The facts of the cause at bar seem to us to lend weight to this conclusion. Mitchell's default occurred while he thought the seller was holding the automobile for repairs, necessary to put it in a usable condition. If the facts had been communicated to him, it is quite likely that an agreement would have been reached which would have saved each party from loss. It cannot justly be said that Mitchell had consented to the seller's possession of the automobile for resale, or that his right to possession was uncontroverted. Under the facts of the cause, the resale was not authorized by the conditional sales law.

No assignment of error is directed at the amount of the recovery awarded the complainant. Other questions made are discussed in the opinion of the Court of Appeals, in the disposition of which we concur, for the reasons given by that court.

Petition for the writ of certiorari filed by the Automobile Sales Company having been granted heretofore, and

argument of counsel having been heard at the bar of this court, the decree of the Court of Appeals will be affirmed here.