GRANT HUNT, PLAINTIFF IN ERROR, *v.* STOCKELL MOTOR CAR CO. *et al.*, DEFENDANTS IN ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 25, 1933.

WILLIAM S. NOBLE, for plaintiff in error.

J. L. REYNOLDS, for defendants in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Grant Hunt's purchase of an automobile from Stockell Motor Car Company was evidenced by a contract of conditional sale, securing a part of the purchase price. The contract provided that "in case of default in the payment of any one of the deferred installments of purchase money after the same shall have become due and payable, . . . the seller shall have the right to declare the entire balance of the purchase price due and payable, and shall be entitled to the immediate possession of said property," etc.

Default having been made on one of the monthly installments of the purchase price, the Stockell Company sued out a writ of replevin for the automobile, naming as defendants to the writ the purchaser, Grant Hunt, and two other parties who resided in the same house with Hunt, one his stepdaughter and the other a tenant. Before the writ was executed another installment of the purchase price became due, and was in default. The officer, executing the writ, found the automobile at Hunt's residence and served the writ on the two parties present, taking the automobile with him. Hunt was not at home and the writ was not then nor at any other time served on him. Neither of the parties on whom the writ was served was in fact in possession of the automobile.

Hunt learned of the taking of the automobile later in the day, and promptly consulted an attorney at law. This attorney interviewed the attorney of the seller, and was advised of the replevin suit and of the date set for the hearing. He was also advised in that conversation that the seller had declared the entire amount due. Hunt, in person, interviewed the seller's attorney and offered

to pay the amount in default, but was told that the entire balance of the purchase price would be necessary to release the automobile.

Neither Hunt nor the attorney representing him made any demand for the return of the automobile as having been wrongfully taken, nor was any protest made at the demand for the payment of the balance of the purchase price. Nothing was said to indicate that the parties named in the writ, upon whom it was served, were not in actual possession of the automobile when it was taken by the officer.

Hunt made no appearance at the hearing of the replevin suit, and judgment was rendered sustaining the writ. Thereafter, in accordance with the conditional sales law, the automobile was sold, the sale bringing less than the balance due.

This action was brought by Hunt to recover the value of his interest in the automobile, on the theory that it was wrongfully converted by the Stockell Company, as in *Mitchell* v. *Automobile Sales Co.*, 161 Tenn., 1, 28 S. W. (2d), 51, and *Murray* v. *Federal Motor Truck Sales Corp.*, 160 Tenn., 140, 22 S. W. (2d), 227. The suit was dismissed by the Circuit Court, and that judgment was reversed by the Court of Appeals, where judgment was rendered for Hunt.

In *Mitchell* v. *Automobile Sales Company*, we undertook to protect the rights of a conditional purchaser, whose property had been retaken and sold by the seller without process and without notice. In that case we held that, having regained possession in such manner, "it was the duty of the seller to notify the purchaser of the fact that a default was claimed, on account of which the seller's right to advertise and resell would be pursued."

And we further held: "If, after such notice, the purchaser failed to reclaim the automobile, his consent would have been necessarily inferred."

Conceding that the replevin writ sued out by the Stockell Company was ineffectual, because not executed upon Hunt, and treating the facts as if the seller had retaken possession of the automobile without process of law, it is obvious that notice of the taking was wholly unnecessary, because the purchaser (Hunt) had knowledge of the fact on the same day, and negotiated with the seller's agent, both in person and by attorney, with regard to future payments, prior to the advertisement and sale of the property.

The facts therefore show that with full knowledge of the repossession of the automobile by the seller, and the claim of default, the purchaser did not dispute the default nor reclaim the property, but permitted it to be advertised and sold without protest. From these facts the seller was entitled to infer the consent of the purchaser to the enforcement of the seller's lien by the sale of the property, as indicated in the language quoted from *Mitchell* v. *Auto Sales Company, supra,* without regard to the regularity of the prosecution of the replevin suit. There was therefore no wrongful conversion of the automobile by the Stockell Company, and the plaintiff's suit is without foundation, either in law or equity.

The judgment of the Court of Appeals is therefore reversed, and the judgment of the Circuit Court affirmed.