BROOKS v. RANGE MOTOR CO.

RANGE MOTOR CO. v. BROOKS.

Eastern Section. April 15, 1933.

Rehearing denied July 1, 1933.

Petition for Certiorari denied by Supreme Court, October 14, 1933.

George M. Dunn, of Johnson City, for plaintiff in error, C. S. Brooks.

Cox, Taylor & Epps, of Johnson City, for defendant in error, Range Motor Co.

CROWNOVER, J. These two cases were tried together in the law court. Each originated in a justice's court. The Range Motor Company brought its action against C. S. Brooks to collect a deficiency balance of $171.45 on a conditional sale contract, and Brooks sued the Range Motor Company for damages of $201 for the conversion of said automobile by the motor company, in that it did not advertise and sell the same within ten days after repossession for purpose of sale, as required by conditional sale statutes. Both suits were tried by the same justice; Brooks' suit was dismissed, and judgment was rendered against him in favor of the motor company for $171.45. Brooks appealed in both cases to the law court at Johnson City, where they were, by agreement, tried together by the judge without a jury, and judgment was rendered for the motor company for $141.45 and costs, and Brooks' suit was dismissed.

Motion for new trial in both cases having been overruled, Brooks appealed in error to this court and has assigned errors, which are, in substance, as follows:

The court erred in rendering judgment for the motor company for $141.75 and in failing to render judgment for Brooks for $186.95, because the proof showed that from and after January 27, 1932, the Range Motor Company was holding the automobile under the conditional sale contract because the consideration was due and unpaid, and did not advertise the same for sale within ten days after

they regained possession of same and sell the same as required by the statute, Code section 7287; therefore he is entitled to recover the amount of purchase money paid on said automobile.

C. S. Brooks purchased from the Range Motor Company, on March 28, 1931, a Dodge Victory roadster. He paid $100 cash and executed a note for $383.40 to be paid in twelve monthly installments of $31.95 each and signed conditional sale contract; $86.95 was paid on the note.

On January 21 or 27, 1932, Brooks had a collision with another automobile in which Brooks' car was injured. The car was taken to the Range Motor Company's garage. At this time a number of payments were delinquent.

Bennett of the motor company testified that he told Brooks that he would hold the car until February 16th in order to give him time to make these payments, and, if he could not make them by that time, the company would advertise and sell the car under the contract, to which Brooks consented; that no payments were made and the car was advertised on February 16th and sold on February 26th, and the motor company bought it, bidding $150, which was credited on Brooks' indebtedness.

C. S. Brooks testified that he went to the motor company's office on the morning after the wreck and demanded the car; that the company refused to give it to him unless he paid the installments that were due; that he was unable to pay what was due so he gave them the keys of the car. When asked on cross-examination if he had made any effort to pay what was due after they took the car, he said that he did not, "because it was their car, they said they would have to hold the car until I caught up with the payments, turned the keys over to them and realized it was their car and not mine." He admits that they offered to hold the car until he could catch up with the payments, but does not state that he informed them that he did not intend to meet the payments.

1. It is the insistence of plaintiff in error Brooks that the motor company did not advertise the car for sale within ten days after regaining possession of same because the consideration remained unpaid at maturity; therefore he was entitled to recover the consideration paid by him, and the motor company's action for a deficiency judgment should be dismissed.

The statute provides that the property so sold and repossessed shall be advertised within ten days after possession is regained "because of the consideration remaining unpaid at maturity." Code, section 7287.

The motor company contends that, from the time the automobile was brought into their garage until February 16th, they were holding it by consent in order to give Brooks an opportunity to meet the payments and redeem it so that they would not have to foreclose under the note and conditional sale contract; that, after February

16th, they took possession of it for the purpose of selling it as provided by statute, but Brooks insists that he made no such agreement, and that this was repossession because the consideration remained unpaid, and therefore the statute applied; that such agreements must be in writing as required by statute in order to waive sale and advertisement for a time. Code, section 7287. We do not agree with this contention. Where the seller obtains possession for the purpose of holding the automobile until a certain time, he is not taking possession for the purpose of foreclosing, and has no right to advertise and sell until the agreed date fixed, and this agreement to postpone foreclosure need not be in writing, as it is not a waiver of advertisement and sale.

If the car was held by the company, with the oral consent of Brooks, in order to give him an opportunity to redeem it, and not for the purpose of foreclosing, this is not "regaining possession of the property, because the consideration remained unpaid at maturity." Bird Motor Co. v. Alley, 1 Tenn. App., 202; Murray v. Federal Motor Truck Sales Corp., 160 Tenn., 140, 22 S. W. (2d), 227, 228, 23 S. W. (2d), 913; Stumb Motor Co. v. Patterson, 9 Tenn. App., 38.

"In several cases this court has declared that possession, authorizing or requiring a sale by the conditional vendor under the statute, must be regained by process of law (by replevin usually) or by agreement of the parties. Lieberman v. Puckett, 94 Tenn., 274, 29 S. W., 6; Ice & Coal Co. v. Alley, 127 Tenn., 173, 154 S. W., 536; Russell v. Clinton Motor Co., 147 Tenn., 57, 245 S. W., 529." Murray v. Motor Truck Sales Corp., supra.

"The consent of the purchaser which has been held to be essential to the right of the seller to repossession and sale, in the absence of legal process, is not merely consent to repossession, but a consent, based upon default, which would carry with it, expressly or by necessary implication, the right to advertise and resell under the terms of the statute. Such a consent could only be given after default, or in repudiation of the agreement to pay the balance due, and not in the written contract evidencing the obligation to pay." Mitchell v. Automobile Sales Co., 161 Tenn., 1, 28 S. W. (2d), 51, 53, 83 A. L. R., 955.

The motor company had no right to advertise and sell the automobile until February 16th, the date agreed upon. If it had done so, it would have been guilty of a conversion under the law above quoted.

We think the testimony of the motor company and Brooks showed that he understood that the motor company was holding the car until February 16th in order to give him a chance to redeem it. The evidence does not preponderate against the judgment. The presumption in this court is that the judgment of the lower court is correct, unless the evidence preponderates against the judgment. Code, section 10622.

It results that all the assignments of errors are overruled and a judgment for $141.75 with interest from July 21, 1932, to the present, will be entered in this court in favor of the motor company and against Brooks. The cost of the cause including the cost of the appeal is adjudged against Brooks.

## On Petition for Rehearing.

This case is again before us on petition for a rehearing and additional findings of fact. After an examination of the record and consideration of the matter, we are of the opinion that the petition must be denied. As stated in our original opinion, the automobile was damaged in a collision on January 27, 1932, and was hauled into the Range Motor Company's garage by some of the employees of that company. Later Brooks and Patterson, who owned the automobile that collided with the car in question, made an agreement that Patterson would have the Brooks car repaired, but he objected to having the Range Motor Company do the work, as he stated that they charged too much. On January 28th Brooks gave Patterson an order to the Range Motor Company for the car, but that company refused to deliver possession to Patterson unless Brooks would pay the hauling charges and also pay the past-due installments under the conditional sale contract. This was reported to Brooks, who went in person to the Range Motor Company's garage, and he was informed by Mr. Bennett of that company that he could not have the car unless the charges and past-due installments were paid, and Brooks was unable to make the payments. He turned over the key to the Range Motor Company and was told that he would be given until February 16th to make said payments, to which he consented, and the car was held until February 16th, when it was advertised and sold under the conditional sale contract on account of the default in payment of the purchase price, as set out in our original opinion. Hence there was no conversion of the car (Hunt v. Stockell Motor Car Co., 165 Tenn., 641, 57 S. W. (2d), 448), and the petition for a rehearing must be denied.

Faw, P. J., and DeWitt, J., concur.