RICE *v.* LUSKY FURNITURE CO.

(*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

ELKIN GARFINKLE, of Nashville, for plaintiff in error.

J. L. REYNOLDS, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the conditional vendee of certain personal property against his conditional vendor, the latter having regained possession of the property, to recover the amount of the payments made by the vendee. The suit was dismissed by the trial judge and the plaintiff has appealed in error.

The facts of the case and the issue presented for decision appear in the stipulation upon which the case was tried, as follows:

"The plaintiff purchased furniture by Conditional Sales Contract in May, 1930, from the defendant, totaling $468.50. He made payments to the plaintiff reaching an aggregate total of $260.15. He defaulted in his payments and in May, 1932, was in Kentucky. Part of the furniture was in his home and part in the homes of neighbors. After discussing the matter with the wife of the plaintiff, the defendant sent out and re-possessed said furniture without any replevin warrant, or without any notice or the consent of the plaintiff. After re-possessing said furniture notices were posted, as required by law, and the furniture was sold as required by law for $100. There was a balance of $208.35 due on said furniture and

said furniture was worth $100 at the time of its repossession.

"The question involved is whether the plaintiff is entitled to recover the amount of money paid by him, to-wit: $260.15, or whether the cause should be dismissed because the value of his interest in the property was less than the amount owing thereon."

The circumstances under which the vendor regained possession of the furniture are meagerly stated in the stipulation, but it may be assumed, as the vendee insists, that the repossession was neither by consent of the vendee nor by process of law, and was therefore a conversion. *Murray* v. *Federal Motor Truck Sales Corporation,* 160 Tenn., 140, 22 S. W. (2d), 227, 23 S. W. (2d), 913.

It will be observed from the stipulation that, after regaining possession of the property, "notices were posted, as required by law, and the furniture was sold as required by law for $100." So far as advertisement and sale were concerned, the vendor is stipulated to have complied with the statute. Only the reacquisition of the property by the vendor is assailed as irregular.

The provisions of our statutes regulating conditional sales are familiar. Section 7287 prescribes with some detail the manner in which the vendor, having regained possession of the property, shall advertise and sell the same and what shall be done with the proceeds. Section 7291 of the Code thus provides:

"Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller or assignee that part of the considera-

tion paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount.''

Section 7291 was designed for the protection of the conditional vendee. Its purpose was to compel a fair and public sale of the goods retaken by the conditional vendor, to prevent the latter from appropriating the property or disposing of it secretly. The idea was to have the property sold for all it was worth and to give the conditional vendee the benefit of any excess in the value of the property over the amount of the purchase price remaining unpaid. The conditional vendor was required to dispose of the property at public sale within a prescribed time and after prescribed notice, under a penalty of refunding to the conditional vendee all of the consideration that had been previously paid by the latter.

We quote the following from Williston on Sales (2 Ed.), vol. 2, p. 1825:

''In the two states which have a compulsory resale provision, namely, New York and Tennessee, the penalty for failure to carry out the resale provisions according to law is that the buyer may recover his part payments. Some penalty is necessary in order to insure that the resale will take place. This penalty seems fair. If the seller keeps the goods and neglects the resale provision, it probably means that the goods are not worn or damaged to any extent and that their value is practically the same as when the conditional sale was made. It would be unjust to allow the seller to keep these undamaged goods and also retain the part payments of the buyer. The buyer's equity should be protected either by a resale or by a return of his part payments.''

■■ We reached the conclusion in *Murray* v. *Federal Motor Truck Sales Corporation, supra,* that section 7291 of the Code was not intended to provide a penalty for the unlawful retaking by the conditional vendor of goods sold under a contract retaining title, but to provide a penalty for the unlawful retention or disposition of the property by the conditional vendor, after possession was regained. Upon re-examination of the matter we adhere to this view. The conditional vendor who retakes such property without consent of the conditional vendee, or without process of law, is liable for conversion. The bare conversion, however, does not render him liable to the penalty imposed by section 7291 for failure to advertise and sell the property as provided by the statute.

In *Murray* v. *Federal Motor Truck Sales Corporation,* where a truck was converted, we said "the vendee is entitled to recover the value of his interest in the truck. That interest would be the value of the truck less the amount owing to the vendor thereupon." The measure of damages indicated seems to be quite generally adopted in other states, unless there is a contrary statutory provision. See cases collected in a note, 83 A. L. R., 987.

In *Mitchell* v. *Automobile Sales Co.*, 161 Tenn., 1, 28 S. W. (2d), 51, 83 A. L. R., 955, the court pointed out that no assignment of error was directed at the amount of the recovery awarded the complainant, and the proper measure of damages in a case like this was not a question before the court for decision.

■ It being stipulated that the value of the furniture here involved was less than the amount owing therefor, we think the trial judge properly dismissed this suit and the judgment is affirmed.