DILLARD *v.* BALL BROS., INC.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

CALDWELL, BROWN & O'DELL, of Bristol, for plaintiff in error.

CURTIN & HAYNES, of Bristol, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by a conditional vendee of certain furniture, which had been repossessed and sold by

the conditional vendor, to recover the payments she had made upon the articles purchased, under section 7291 of the Code. It appeared that the furniture was of less value than the amount owed for the same and the trial judge dismissed the suit.

The vendor retook the property without the consent of the vendee and without process of law. The vendor sold the property at a private sale without undertaking to comply with section 7287 of the Code providing for advertisement and public sale.

Upon the facts detailed we think the court below erred in dismissing the plaintiff's suit.

The vendor here, having regained possession of the property neither by consent of the vendee nor by legal procedure, was guilty of a conversion. *Murray* v. *Federal Motor Truck Sales Corporation*, 160 Tenn., 140, 22 S. W. (2d), 227, 228, 23 S. W. (2d), 913; *Rice* v. *Lusky Furniture Co.*, 167 Tenn., 202, 68 S. W. (2d), 107. In both these cases, although the repossession by the vendor was irregular, a resale was had in observance of section 7287 of the Code. Since section 7287 was complied with, the penalty prescribed by section 7291 for transgression of section 7287 was held not applicable. In other words, since the property was advertised and sold in the manner laid down by section 7287, the conditional vendee would not recover "that part of the consideration paid to him" (vendor) under the provisions of section 7291.

We reached the conclusion in those cases "that section 7291 of the Code was not intended to provide a penalty for the unlawful retaking by the conditional vendor of goods sold under a contract retaining title, but to provide a penalty for the unlawful retention or disposition

of the property by the conditional vendor, after possession was regained.''

The repossession in those cases having been obtained in an unlawful manner, the conditional vendor was liable as for a conversion. The sale, however, having been made in compliance with section 7287, the vendor was not liable for the penalty provided by statute for the breach of section 7287.

In the case before us both the retaking and the sale were unlawful. The vendor after repossession, having ignored section 7287 and disposed of the property at private sale without advertisement, is, under section 7291, liable to the vendee for ''that part of the consideration paid'' to it by the vendee.

The learned trial judge and counsel were misled by my failure to make the meaning of the court clear in *Murray* v. *Federal Motor Truck Corporation, supra.* In that case it was said:

''In several cases this court has declared that possession, authorizing or requiring a sale by the conditional vendor under the statute, must be regained by process of law (by replevin usually) or by agreement of the parties.''

The court was considering the liability of the vendor for a conversion. The idea intended to be conveyed was that the consequences of an unlawful repossession could not be escaped by a sale under section 7287—that the vendor would still be liable as for conversion. The court had no idea of suggesting that an unlawful repossession would excuse compliance with section 7287 requiring a public sale after advertisement.

Reversed and judgment for the plaintiff.