INTERNATIONAL HARVESTER CO. *v.* FARMER.

(*Knoxville,* September Term, 1938.)

Opinion filed Jan. 21, 1939.

Lynch, Phillips, Hall & Allison, of Chattanooga, for plaintiff in error.

C. E. Russell and C. C. Rexford, both of Chattanooga, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit by the buyer, defaulting under a conditional sales contract, to recover from the seller that part of the consideration previously paid on the ground that the latter, having regained possession of a truck, did not observe statutory requirements in advertising and selling the same. There was a judgment for the plaintiff below, affirmed by the Court of Appeals, and we have granted a petition for *certiorari.*

The truck was bought August 11, 1936. There was a cash and trade in payment and twelve deferred monthly payments undertaken secured by a retained title. The default occurred in the December, 1936, and January, 1937, payments.

The seller found the truck on the highway engaged in hauling coal, took possession without resistance from the driver, and notified the purchaser on January 26, 1937. On February 4 a sale was advertised for February 13, nine days thereafter. Code, section 7287, of course, requires a ten-day advertisement of sale by the conditional seller regaining possession.

By February 12 the seller had caught its mistake and

tried to have the buyer sign some sort of a waiver, not set out, but the buyer declined to do so. The seller called off the sale advertised for February 13 and meanwhile, on February 9, posted notices as required by statute, advertising the sale for February 20. The buyer was notified of all these steps.

Notwithstanding the foregoing, no sale was made on February 20, but on February 12 the seller, in actual possession of the truck, brought a replevin suit to recover the machine and there was a judgment in favor of the seller in this suit on February 15. Some irregularities are suggested about the service of process in the replevin suit but these are not material in our view of the case.

After the judgment in the replevin suit on February 15, a new advertisement was made on February 18 for a sale of the truck on March 4. The buyer was likewise notified of all this and a sale was had on March 4 and the truck bid in by the seller.

It appears from the testimony of the buyer, which the judgment of the trial court accredited, that the buyer in no way controverted the seller's regained possession and that the seller refused any extension of time for payments after possession was regained.

There has been some argument as to whether the truck was retaken by the seller in a lawful manner but this question is not determinative. If, after retaking with notice to the buyer, the seller's possession is not controverted by litigation or otherwise, and there is no agreement for an extension of time for payments, it is the seller's duty within ten days from repossession to advertise for ten days and sell in accordance with the statute. If the seller does this, he is not liable under Code, section 7291, for that part of the consideration

paid to him, although if the retaking be done in an unlawful manner, the seller is liable for any damages arising out of the conversion. *Lieberman* v. *Puckett*, 94 Tenn., 273, 29 S. W., 6; *Russell* v. *Clinton Motor Co.*, 147 Tenn., 57, 245 S. W., 529; *Murray* v. *Federal Motor Truck Sales Corp.*, 160 Tenn., 140, 22 S. W. (2d), 227, 23 S. W. (2d), 913; *Mitchell* v. *Automobile Sales Co.*, 161 Tenn., 1, 28 S. W. (2d), 51, 83 A. L. R., 955; *Rice* v. *Lusky Furniture Co.*, 167 Tenn., 202, 68 S. W. (2d), 107; *Dillard* v. *Ball Bros., Inc.*, 169 Tenn., 363, 87 S. W. (2d), 1015.

Acquiescence by the buyer in the regained possession of the seller, there being no agreement for an extension, places upon the seller the duty within ten days after undisputed possession accrues of advertising and selling the reclaimed chattel according to Code, section 7287, under penalty of incurring the liability provided in Code, section 7291, for failure so to do.

 The seller's possession in the case before us was uncontroverted after January 26, 1937. The advertisement, under which the sale was had, was posted February 18, 1937, and the sale made on March 4, 1937. In other words, advertisement was not posted until twenty-three days after the seller acquired the undisputed possession. Decisions of this court require strict observance on the part of the seller of the provisions of the conditional sales statutes, Code, section 7286 *et seq.*

The judgment of the Court of Appeals is affirmed.