# NASHVILLE AUTO SALES CO. v. WRIGHT.—171 S. W. (2d) 834.

Middle Secion.  March 13, 1943.

Petition for Certiorari denied by Supreme Court, May 13, 1943.

Elkin Garfinkle and Dan Garfinkle, both of Nashville, for plaintiff in error.

Z. Alexander Looby, of Nashville, for defendant in error.

HICKERSON, J. Robert Wright bought an automobile truck from Nashville Auto Sales Company under a conditional sales contract and paid $206.50 on the purchase price. Then he defaulted and the seller recovered possession of the truck by a replevin warrant issued by the

Court of General Sessions of Davidson County, Tennessee, on January 23, 1942. The replevin case was set for trial on January 26, 1942. Neither party appeared and the Court of General Sessions put the replevin warrant in a file which was used for cases where neither party appeared. It was the practice in the Court of General Sessions for either party to the suit to make application to have the case, which was continued in this manner, reset for trial. No further steps were taken in the replevin suit. The purchaser never made any defense to the replevin suit. The seller did not advertise and sell the truck.

Because of the failure of the seller to advertise and sell the truck which had been replevied, the purchaser brought the present suit on March 5, 1942, to recover the amount which he had paid under the conditional sales contract. The seller defended the suit on the ground that the replevin suit was still pending and that it did not have to advertise and sell the truck under the conditional sales act until final judgment was rendered in the replevin suit.

The trial court awarded the purchaser a recovery, and the seller appealed in error to this Court.

The applicable Code Sections are these:

Section 7287. ''Failure to pay purchase money; advertisement and sale of chattel; waiver of sale.—When any personal property is so sold upon condition that the title remain in the seller, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, within ten days after regaining said possession, to advertise said property for sale for cash, . . .''

Section 7290. ''Unsatisfied claim a legal debt.—Should said property, at the sale provided by this article, fail to

realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser.''

Section 7291. ''Purchaser may recover payments on failure to sell.—Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller or assignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount.''

Our Supreme Court has construed the conditional sales act in numerous cases.

In Lieberman v. Puckett, 94 Tenn. 273, 275, 29 S. W. 6, the Court said: ''The act clearly contemplates two cases—one where the vendor retakes possession by consent of the purchaser, and the other where it is necessary to regain the possession by process of law in the absence of consent. This can be done by an action of replevin, and if the complainant's right, under his replevin, to hold the property is not controverted as well as when possession is gained by consent, it is the duty of the vendor to at once proceed under the statute to make the sale required. But, where the right to retain the possession under the replevin suit is controverted and litigated, the vendor cannot be said to have regained possession in the sense contemplated by the act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession; nor can the purchaser, so long as he litigates the right of the complainant to retake and retain possession, re-

quire that he shall proceed at his peril to make the sale required by the statute."

██ International Harvester Co. v. Farmer, 174 Tenn. 88, 90, 123 S. W. (2d) 1089, 1090, held: "If, after retaking with notice to the buyer, the seller's possession is not controverted by litigation or otherwise, and there is no agreement for an extension of time for payments, it is the seller's duty within ten days from repossession to advertise for ten days and sell in accordance with the statute. If the seller does this, he is not liable under Code, section 7291, for that part of the consideration paid to him, although if the retaking be done in an unlawful manner, the seller is liable for any damages arising out of the conversion. Lieberman v. Puckett, 94 Tenn. 273, 29 S. W. 6; Russell v. Clinton Motor Co., 147 Tenn. 57, 245 S. W. 529; Murray v. Federal Motor Truck Sales Corp., 160 Tenn. 140, 22 S. W. (2d) 227, 23 S. W. (2d) 913; Mitchell v. Automobile Sales Co., 161 Tenn. 1, 28 S. W. (2d) 51, 83 A. L. R. 955; Rice v. Lusky Furniture Co., 167 Tenn. 202, 68 S. W. (2d) 107; Dillard v. Ball Bros., Inc., 169 Tenn. 363, 87 S. W. (2d) 1015."

In Gilliam v. Goodyear Tire & Rubber Co., 175 Tenn. 638, 641, 137 S. W. (2d) 267, 268, the Supreme Court quoted with approval from an opinion of the Court of Appeals which was written by Presiding Judge Faw, as follows: "The burden was on the seller, Goodyear Tire & Rubber Company, to prove, in order to defeat a recovery by the plaintiff under Section 7291 of the Code, either a strict compliance with the requirements of the statute (Code, section 7287) with reference to the advertisement and resale of the property, Whitelaw Furniture Co. v. Boon, supra, 102 Tenn. 719, 52 S. W. 155, or to prove that the conditional purchasers had waived the statutory sale.

Hobbs v. Smith, 171 Tenn. 176, 101 S. W. (2d) 474. And since the adoption of the Code of 1932, an effective waiver of advertisement and sale could be made only by 'an agreement in writing, entered into after default.' ''

In Wallis v. B A C Corporation, 175 Tenn. 659, 661, 137 S. W. (2d) 274, 275, it is said: ''The statute recognized that both the seller and the purchaser had an interest in the property and made provision for the protection and enforcement of their respective rights. The act has been uniformly construed however as especially designed to protect the conditional vendee by requiring the vendor, after repossession, to advertise and sell the property. If upon resale less than the balance of the purchase money is realized, the vendor may have a deficiency judgment. If it sells for more than the debt, the vendee is entitled to the excess. If the vendor fails to advertise and sell as required by the statute, he is chargeable with payments made by the vendee, not by way of penalty, but as for debt resulting from the vendor's rescission of the the contract and non-compliance with the statute.''

The seller relies upon the case of Model Garage Co. v. Sanders, 165 Tenn. 168, 54 S. W. (2d) 939, the substance of which is stated in the headnote as follows: ''Although a conditional vendor who has regained possession of the property by replevin upon default of the purchaser is not compelled to proceed with the sale until after final judgment in the action of replevin, he may advertise and sell before the action of replevin is finally determined, especially if the property is in any sense perishable or likely to depreciate in value.''

The Model Garage Co. case is not in point here because the purchaser litigated the replevin suit in that suit and

thereby controverted the right of the seller to repossess the car.

In the instant case the purchaser did not controvert the right of the seller to repossess the truck by replevin. He did not litigate the replevin suit. Wherefore, it became the duty of the seller to advertise and sell the truck under the statute within ten days from the time it repossessed it. Having failed so to do it became liable to the purchaser for the amount which he had paid under his contract. There was no error in the judgment of the trial court and that judgment is affirmed. Let a judgment be entered in this Court in favor of Robert Wright against Nashville Auto Sales Company and Elkin Garfinkle, the surety on its bond, for $206.50 with interest thereon from August 22, 1942, the date of the entry of the final judgment in the trial court, and all the costs of the cause, including the costs of the appeal.

Felts and Howell, JJ., concur.