DUPLICATOR SUPPLY CO. *v.* PATTERSON.

(*Nashville*, December Term, 1953.)

Opinion filed July 23, 1954.

NEIL S. BROWN, of Nashville, for appellant.

DAVID O. CONDRA, of Nashville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case was originally brought by Duplicator Supply Company against Carney Patterson in the General Sessions Court of Davidson County, Tennessee, as a replevin suit. The replevin warrant requires the defendant, Patterson, to appear before the General Sessions Court (naming the date and hour) "to answer the complaint of Duplicator Supply Company for unlawfully taking out of his possession and detaining from him the property of the said plaintiff, as follows: Clary Cash Register Model 301 Special Serial No. 25403."

The case was dismissed by the General Sessions Judge on the ground that Patterson was not detaining the property of the plaintiff on November 10, 1951, *or at any time thereafter*. The plaintiff appealed the case to the Circuit Court and that court sustained the replevin warrant. The defendant moved the court for a new trial upon the

ground that, "There is no evidence that defendant unlawfully detained the Clary 301 Special Cash Register, Serial No. 25403, from complainant." The motion was overruled and defendant appealed to the Court of Appeals where that court, in a divided opinion, affirmed the judgment of the Circuit Court. We granted certiorari and the issues have been orally argued by counsel. When the writ was granted counsel were requested to inform the Court if any issue had been decided other than that of possession.

The undisputed facts show that the Duplicator Supply Company sold the defendant, Carney Patterson, a cash register and retained title by virtue of a conditional sales contract. The contract was signed on July 20, 1951, the defendant making a down payment of $25, which left a balance of $316.50, which was due in 90 days, title to remain in the seller until it was paid for in full.

On July 23, or 24, 1951, the defendant returned the machine to the plaintiff. His reason for returning the machine was "it would not work and that the plaintiff had failed to fix it." The plaintiff (Walker) testified that Patterson returned the cash register to the company's office and left it with someone in the office. He had only paid $25 and that the cash register had been kept in the company's warehouse ever since. The witness further stated "he had no agreement with Patterson about the return of the cash register."

The defendant testified the cash register was delivered at his filling station on July 20, 1951, and after using it a day or two he found that it would not work; that he called a Mr. Gorman and requested that it be fixed, but nothing was done about it. He thereupon returned it to the local office, and one of the plaintiff's salesmen helped

to carry it into the company office; that he informed the salesman "that he felt it would be fair for the company to keep his down payment and he wanted to call the whole deal off, as he did not intend to keep it any longer."

This suit was instituted immediately upon defendant's default, i. e., 90 days after the execution of the conditional sales contract.

The determinative question in this case is whether or not the plaintiff had such possession of the cash register at the time he brought suit, that as a matter of law a replevin action was unnecessary.

The insistence of the plaintiff is that he did not have possession *for the purpose of sale* as authorized by the conditional sales contract. The Court of Appeals in a majority opinion, Judge Felts dissenting, sustained this insistence. We think this was error, because in a replevin action the only question involved is the right of possession and not the right of possession for some particular purpose.

The divergence of view as between the majority opinion and the dissent is the majority decided the right of the plaintiff according to the terms of the conditional sales contract while the minority expressed the view that in a replevin action only the right of possession was before the court for decision.

Contention is made by the plaintiff that it held possession not in its own right but as agent of the defendant, or as a sort of bailee of the property. The majority opinion of the Court of Appeals followed this line of reasoning as indicated by the following statement:

"Defendant's own testimony shows plaintiff did not have this cash register in its possession for the purpose of resale under the conditional sales con-

tract. To the contrary, defendant thrust the possession of the machine upon plaintiff in an effort to force plaintiff to rescind the sale, which it refused to do. Plaintiff had no right to sell this machine to satisfy the balance due under the conditional sales contract under the possession which plaintiff had of the machine.''

We think the error in the foregoing statement is that the possession of the cash register. *was not* ''thrust'' upon the plaintiff. The only evidence as to plaintiff's repossession is that one of its salesmen helped the defendant to carry it into the company's office. There is no evidence from any source that it was received and kept unwillingly. There was never any notice given the defendant, oral or written, that it was being held subject to his order. Moreover when it was taken to the company's office defendant stated emphatically that he did not intend to keep it any longer.

It is true this Court has held in *B. A. C. Corp.* v. *Francis*, 176 Tenn. 648, 144 S. W. (2d) 1098, 1100, that under Code Sec. 7287, ''repossession [of the seller] must be for the purpose of enforcement of the claim for balance of purchase money'' etc. Indeed he could not repossess it for any purpose other than to protect his rights under the conditional sales contract. Now there are only two ways in which the seller may proceed to recover the article under said statute, i. e., either by consent of the vendee or by replevin. The Court of Appeals cites *Nashville Auto Sales Co.* v. *Wright*, 26 Tenn. App. 326, 171 S. W. (2d) 834, to sustain the foregoing proposition observing, ''In the case on trial plaintiff used the replevin method.'' We think the case is not applicable for the reason that defendant vendee having voluntarily surren-

dered possession to his vendor the action in replevin was wholly unnecessary. In the dissenting opinion Judge Felts makes the following timely observation: "One who already has a thing can not say another unlawfully detains it from him; nor can he sue another for what he already has."

The only question at issue in the case at bar is whether or not the defendant was unlawfully detaining the property from the plaintiff. In order to maintain replevin, the plaintiff must show that he is entitled to possession of the article and that *the defendant is in possession of it and unlawfully detaining it from the plaintiff*. 24 Am. & Eng. Encyc. of Law (2 Ed.), 495, 496; 77 C. J. S., Replevin, Sec. 56, pages 37, 38; 46 Am. Jur., Replevin, Sec. 33; *McHugh* v. *Robinson*, 71 Wis. 565, 37 N. W. 426.

"*Defendant must be in possession.* To enable plaintiff to maintain an action for the recovery of specific personal property, the defendant must be in possession thereof at the commencement of the action. Where the petition alleges that the defendant is in possession, and the proof shows the contrary, there is such a variance between the allegation and the proof as disables plaintiff from recovering." Cobbey on Law of Replevin (1890 Ed.), sec. 61, p. 37.

We find nothing in the record before us to leave the impression that defendant refused to let the plaintiff sell the cash register at private sale or otherwise from the time he returned it until this action was brought. The first time he was asked to waive his right to a sale under the statute was when the case was being tried in the Circuit Court, at which time he refused. This refusal at that time could not effect the form of action already

begun. The plaintiff's right to proceed under the conditional sales contract accrued when the defendant first defaulted in meeting a deferred payment. The plaintiff could have advertised the property as provided by law, or proceeded by bill in the Chancery Court to enforce his lien. In *Ghormley* v. *Raulston*, 34 Tenn. App. 109, 113, 233 S. W. (2d) 57, 59, it was held: "a conditional sales contract is but a form of lien to secure the purchase price, partaking of the nature of a chattel mortgage." In a proceeding of this kind the rights of both vendor and vendee are fully protected. *Mitchell* v. *Automobile Sales Co.*, 161 Tenn. 1, 28 S. W. (2d) 51, 53, 83 A. L. R. 955, is in point as holding that the seller should have given the buyer notice that "a default was claimed" and that if he did not have time to do this his rights could have been protected by the commencement of an action to establish the fact of default and to enforce his lien.

Most of the authorities cited in this opinion appear in Judge Felts' dissenting opinion. Since we concur in his view of the case, these authorities should be listed accordingly.[1]

We sustain the assignments of error and dismiss the case at respondent's cost.

---

[1] The additional authorities cited in the above case are as follows: Other cases to the same effect are: Murray v. Federal Motor Truck Sales Corp., 160 Tenn. 140, 144, 22 S. W. 2d 227, 23 S. W. 2d 913; Dillard v. Ball Bros. Inc., 169 Tenn. 363, 87 S. W. 2d 1015; International Harvester Co. v. Farmer, 174 Tenn. 83, 123 S. W. 2d 1089; B. A. C. Corp. v. Francis, 176 Tenn. 648, 144 S. W. 2d 1098; Quick v. Woodward Motor Co., 23 Tenn. App. 254, 256-257, 130 S. W. 2d 147; Nashville Auto Sales Co. v. Wright, 26 Tenn. App. 326, 171 S. W. 2d 834.