KIDD v. CONDRY.—154 S. W. (2d) 530.

Eastern Section. July 8, 1941.

Petition for Certiorari denied by Supreme Court, October 4, 1941.

Oliver & Meares, of Maryville, for plaintiff in error.
Goddard & Gamble, of Maryville, for defendant in error.

PORTRUM, J. William Horace Kidd brought this action against W. M. Condry to recover payments made on a 1937 Plymouth automobile purchased from Condry basing his action upon a noncompliance with section 7291 of the Code in failing to advertise and sell the car within ten days under the method directed by the statute. The case was heard by a jury and a verdict rendered in favor of the defendant, and an order entered dismissing the suit. The case is here for a review.

It is first insisted that there is no evidence to support the verdict and the trial judge erred in failing to grant the plaintiff's motion for a directed verdict at the conclusion of the evidence upon the defendant's liability.

The defendant testified that he regained possession of the car after a default in the installment payments as provided by the conditional sales contract; that the plaintiff was present and obtained the car key from an employee, turning it over to the agent of the defendant, who returned the car; that he advertised the car in about five to eight days after reclaiming it, by four printed and written posters posted at the courthouse door in Maryville, another at his garage in Maryville, the designated place of sale, and two others at public places. He had lost a copy of the printed poster, due to the delay in prosecuting the claim, and was permitted to prove the contents by oral testimony. He produced a form of the advertising poster that he used, and stated that he filled in the blanks by giving the motor and serial number of the car, the make, the default, the time and place of sale, and that he sold the car as advertised from twelve to fifteen days after the posting of the

notices. The plaintiff was present at the time and place of sale, together with others, making no protest, and that the defendant became the highest and best bidder and became the purchaser of the car. It was permissible for the defendant to prove the contents of the notices by parol evidence, having first accounted for the loss. And this evidence established a compliance with the statute on the part of the defendant, relieving him of the penalty for noncompliance. It was true the plaintiff tried to prove to the contrary, but this made only an issue for the jury. The jury having accepted the defendant's evidence, it was sufficient to support their verdict.

The plaintiff testified that the car was reclaimed on the 4th of March and that it was advertised and sold in April. If it were sold in April it is conceded the statute was not complied with, but the defendant, supported by his witnesses, testified otherwise. And the plaintiff also insists that at the time the car was reclaimed he was not in default in his payments, and for this reason the defendant converted the car. He said that he owed the defendant other indebtedness, and that when he made the payment upon the car the defendant applied the payment to other indebtedness, causing the default in the payment upon the car. The defendant states that the plaintiff was in default, and he reclaimed the car because of the default. After the plaintiff had testified to the foregoing facts and that the sale was made in April, after the car had been reclaimed on the 4th day of March he rested. The defendant put on his proof showing that the car was reclaimed on March 4, advertised for sale in five or eight days, and sold twelve to fifteen days thereafter, and showing the statutory regularity of the sale, which testimony was corroborated.

After the defendant had concluded his proof, the plaintiff attempted to call two witnesses as rebuttal witnesses. Upon objection, and after hearing the testimony in the absence of the jury, the trial judge excluded the same, being of the opinion that the testimony was evidence in chief and not in rebuttal. One of these witnesses testified that he was present when the defendant, Condry, attempted to make a private sale of this car some time in April, the purpose of which was to show that the public sale had not yet been made. This testimony is not contradicted; the defendant purchased the car at the public sale and could have thereafter offered it at private sale in April without any breach of duty. It is immaterial.

The other offered witness testified that he remembered the car was reclaimed on the 4th day of March, 1939, and he was asked:

"Do you know when Mr. Condry sold this automobile at public sale? A. Not the exact date.

"Q. Do you know what month it was? A. In April."

On cross-examination he was asked and replied: "Did you put down any date? A. No sir.

"Q. How did you happen to remember that? A. I remembered it.

"Q. What date did he repossess that other car that you were there when he got it, what date was that? A. I don't remember the exact date on that.

"Q. Why can't you remember one as well as this one? A. I just don't."

 The burden was upon the plaintiff to show that the car was not advertised and sold within the statutory period; (having undertaken in chief to rebut) he attempted to do this by his own testimony, and he had this witness who would have tended to corroborate his statements, and had he introduced him the evidence could not have been excluded because not evidence in chief but in rebuttal. He knew or should have known that the defendant was going to prove by more than one witness that he had complied with the statute, and it was the plaintiff's duty in his proof in chief to bring forward all his evidence which tended to prove the case alleged in his pleading. It is within the discretion of the trial court whether he would permit the introduction of proof in chief as rebuttal evidence, and until it appears affirmatively that he has abused his discretion, the reviewing court will not interfere.

The only assignment causing the court any concern is one based upon the charge of the court, which charge is as follows:

"I charge you that before plaintiff can recover in this case, he must show by the weight of the proof that the defendant regained possession of the automobile when the plaintiff was in default of the payment. If the plaintiff was not in default at the time the defendant retained possession, then the plaintiff cannot recover in this case.

"Further, that what I have already said to you, I charge you before plaintiff can recover in this case, he must show by the weight of the proof that the defendant repossessed the automobile at a time when the plaintiff was in default of the payment. If plaintiff was not in default at the time defendant reclaimed the car, or took possession of the car, then plaintiff cannot recover in this case. In other words, gentlemen of the jury, the case was based on violation of the conditional sales contract, and before defendant has a right to take the car, plaintiff must be in default, and before plaintiff can recover in this suit under section 7291, he must show he was in default. Take the case, gentlemen."

 The defendant had testified more than once that plaintiff was in default at the time the car was regained; the plaintiff had testified that he was not in default, that his payments upon the car had been misapplied by the defendant to other indebtedness. If the jury believed the plaintiff's testimony he was not in default,

then under the direction of the court he could not recover in this suit; or if the jury believed the defendant's testimony, then the plaintiff was in default and the defendant had complied with the statute, and the plaintiff could not recover for this reason. We think the charge erroneous.

Section 7291 of the Code provides:

"Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller asssignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount."

This section does not provide that the seller must rightfully regain possession; it provides "having regained possession of said property," and Chief Justice Green has construed and clarified these provisions of the code in the following cases: Murray v. Federal Motor Truck Sales Corp., 160 Tenn., 140, 22 S. W. (2d), 227, 23 S. W. (2d), 913; Rice v. Lucky Furniture Co., 167 Tenn., 202, 68 S. W. (2d), 107, 108. In the latter case the Chief Justice said:

"We reach the same conclusion in Murray v. Federal Motor Truck Sales Corporation, supra, that section 7291 of the Code was not intended to provide a penalty for the unlawful retaking by the conditional vendor of goods sold under a contract retaining title, but to provide a penalty for the unlawful retention or disposition of the property by the conditional vendor, after possession was regained. Upon re-examination of the matter we concur to this view. The conditional vendor who retakes such property without consent of the conditional vendee, or without process of law, is liable for conversion. The bare conversion, however, does not render him liable to the penalty imposed by section 7291 for failure to advertise and sell the property as provided by the statute."

And again he says (page 205 of 167 Tenn., page 107 or 68 S. W. (2d)), "Section 7291 was designed for the protection of the conditional vendee. Its purpose was to compel a fair and public sale of the goods retaken by the conditional vendor, to prevent the latter from appropriating the property or disposing of it secretly. . . ."

This duty rested upon the seller whether he regained the property lawfully or unlawfully; the penalty is to compel a fair and public sale without reference to how the repossession was obtained. If the seller regained possession of the goods unlawfully, before or after maturity of the debt, he could not escape the penalty of the conversion by complying with section 7291, but if he did comply with this section, having regained the possession unlawfully, he is not liable for the statutory penalty, but could not thereby escape the consequences of his conversion, and an action for

conversion would lie against him, notwithstanding he complied with the statute. Such is the rule as restated by Chief Justice Green in the case of Dillard v. Ball Brothers, Inc., 169 Tenn., 363, 87 S. W. (2d), 1015.

In the instant case, if the seller regained the possession either lawfully or unlawfully, before or after maturity, he could not escape the penalty provided by section 7291, unless he complied with the conditional sales law, section 7287, and advertised and sold the property as provided by the statute. But having complied with section 7287, he is not chargeable with the penalty, notwithstanding he converted the property. But he is still answerable for his conversion, which is a different and distinct remedy. Therefore, if the seller had not complied with the statute after regaining possession, the plaintiff could recover the penalty regardless of whether the seller reclaimed the property before or after maturity of the debt.

We do not think the late case of B.A.C. Corporation v. Francis, 176 Tenn., 648, 144 S. W. (2d) 1098, modifies this construction. The language used there was in reference to the legal reclaiming of possession under the statute, and possession obtained by consent for safekeeping, for protection, or in the nature of a bailee, these latter possessions requiring no advertising in compliance with the statute until the relationship ceased, upon the maturity of the claim and the assertion of the right of possession because of the default. In that case the property had not been repossessed before default in the conditional sales contract, and the issue here was not in the mind of the court while discussing the different character of possession. The same learned judge who wrote the opinion has given us the rule to guide us in construing the opinion. ''The language of an opinion must be construed in connection with the facts with which the court was dealing.'' Shanks v. Phillips, 165 Tenn., 401, 55 S. W. (2d), 258.

To say that a seller could unlawfully regain possession of the goods one day prior to the maturity of the obligation and thereby escape the penalty imposed upon him for not thereafter complying with the provision of the law, could defeat the purpose of the statute as defined in the cited opinion of Chief Justice Green. And there is no valid reason why a seller who converted the property before maturity should be exempt from the provision of the statute, while a seller who converted the property after maturity is subject to the penalty provided. In either case, the seller must advertise and sell the property as provided by the statute to avoid payment of the penalty, and this relieves him only of the penalty and not the consequences of his conversion.

The trial judge erroneously charged the jury, as above quoted, but, Is this affirmative prejudicial error? The defendant testified that at the time he regained possession the plaintiff was in default

in his payment; the plaintiff was present and obtained the key and turned it over the defendant, enabling him to take possession of the car, and made no protest that he was not in default. He was present at the sale and made no protest, when it was his duty to protest, if the car had been reclaimed when he was not in default. Upon the trial he testified he made payments upon the car which had been misapplied upon another indebtedness; he introduced numerous checks to show his payments. His counsel did not attempt to comply with the rules of this court and point out by the evidence that the plaintiff had in fact made sufficient payments to relieve him of the default. His exhibits here may show him in default, notwithstanding his testimony, and there is no attempt to show that the seller violated directions given by the buyer, and applied the payment to a debt other than the one in controversy.

The plaintiff's evidence as to his default as given by him, was immaterial in this litigation. Its only purpose was to influence the jury that he had been treated badly by the seller, and could form no basis for a recovery in conversion since no conversion was alleged in the declaration. In seeking affirmative prejudicial error, the court can look to the record to determine if the party has been injured, and should not permit a party to inject immaterial evidence and then take advantage of it as a ground for a reversal, especially when the court, attempting to discover affirmative prejudicial error, and passing upon the weight of the evidence, agrees with the jury that the preponderance of the evidence favors the defendant. The plaintiff is responsible for the error, having injected immaterial evidence, and he should not be permitted to take advantage of his own wrong in the absence of a clear showing that he has been denied a fair trial upon the evidence. There is no such showing and the judgment below is affirmed with costs.

Ailor and McAmis, JJ., concur.