## W. C. JONES and EULICE B. JONES. v. THOS. H. SMART MOTOR COMPANY.

Western Section.   November 11, 1925.

No Petition for Certiorari was filed.

1. **Sales. Seller who has replevied automobile under conditional sales contract need not wait until replevin suit is decided to sell car.**
   Where the buyer of automobile under conditional sales contract failed to make payments and the seller repossessed the car by replevin and advertised the same the next day and sold it before the replevin suit was decided, held that the conditional sales law does not require seller to advertise property before replevin suit is settled but it does not prohibit him from selling before suit is settled if he so desires.

Appeal in Error from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Cary & Vorder Bruegge, of Memphis, for plaintiff in error.

Ewing, King & King, of Memphis, for defendant in error.

HEISKELL, J.   This is a consolidation of two cases originating in magistrates' courts of Shelby county. The original case was

brought by the plaintiffs in error against Thos. H. Smart Motor Company to recover the amount paid by them toward the purchase of an automobile on the ground that the defendant, Thos. H. Smart Motor Company, had failed to advertise said automobile legally pursuant to the conditional sales law of Tennessee. The other case was brought by the defendant in error. Thos. H. Smart Motor Company, against the plaintiffs in error, to recover the balance due on notes given for the purchase price of the automobile, after having credited the notes with the proceeds derived from the sale of the car under the conditional sales provision in the contract.

Both of the cases resulted in judgments for the plaintiffs in the Magistrates' courts and were appealed by the respective defendants to the circuit court of Shelby county, where the cases were heard before the Hon. A. B. Pittman on January 6, 1925.

The circuit court ruled that the contention of the present plaintiff in error that the defendant in error, Thos. H. Smart Motor Company, did not comply with the conditional sales law of Tennessee in advertising the automobile involved was not sustained by the proof and judgment was rendered against the plaintiff in error and in favor of the defendant in error, in the first of said consolidated cases.

It was agreed by the parties that if the circuit judge was correct in his conclusion that the conditional sales law had been complied with in reference to the sale of the automobile, it would be proper to give judgment against the plaintiffs in error in the second case. Accordingly, judgment was rendered against the plaintiffs in error for $148.40, being the balance due on the original notes given for the purchase price of the automobile, less the amount that the automobile was sold for at the conditional sale. This judgment of $148.40 also included interest and attorneys' fees.

A motion for a new trial was made and the plaintiffs in error have appealed and assigned errors.

The material facts are as follows. On April 21, 1923, the Thos. H. Smart Motor Company sold to W. C. Jones and Mrs. Eulice B. Jones a Hupmobile touring car for $1410. There was a credit of $290 for a used car and notes executed for the balance. The transaction was an ordinary conditional sale contract.

The purchasers became deliquent on the note due August 21, 1923, and a replevin suit was instituted in the circuit court of Shelby county on September 10, 1923. A writ issued that day and was executed the same day by taking possession of the car and delivering same to the Thos. H. Smart Motor Company. This replevin suit was tried on February 13, 1924, and resulted in a judgment for the plaintiff for the property replevied. It appears that there was a plea

filed in said replevin suit by Jones and wife denying the right of the Motor Company to recover.

The vendor advertised the car for sale on September 11, 1923, the day after the replevin writ was executed and sold it on September 21, 1923, for $925 which is shown to have been its full value. The sole question raised by the assignments of error is that this sale was not in compliance with the conditional sales statute and therefore the vendee is entitled to recover the money paid on the car.

Plaintiff in error relies on the case of Lieberman v. Puckett, 94 Tenn., 273. In that case the conditional sale vendor waited until the determination of the replevin suit before advertising the property for sale and the vendee sought to recover the purchase money paid, because the vendor had not advertised the property for sale within ten days after acquiring possession under the replevin writ, but had waited until the determination of the replevin suit which was contested by the vendee. The court said:

"The Act clearly contemplates two cases—one where the vendor retakes possession by consent of the purchaser, and the other where it is necessary to regain the possession by process of law in the absence of consent. This can be done by an action of replevin, and if the complainant's right, under his replevin, to hold the property is not controverted, as well as when possession is gained by consent, it is the duty of the vendor to at once proceed, under the statute, to make the sale required. But where the right to retain the possession under the replevin suit is controverted and litigated, the vendor cannot be said to have regained possession in the sense contemplated by the Act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession; nor can the purchaser, so long as he litigates the right of the complainant to retake and retain possession, require that he shall proceed, at his peril, to make the sale required by the statute.

In this case, although complainants had taken possession under their replevin writ, they must be considered as holding that possession to await, in the first instance, the result of that replevin; and, until their right to possession is conceded or fixed by the court, they are under no obligation to proceed to sell under the statute, nor could they properly do so."

This language is broad enough to countenance the contention of plaintiffs in error in the present case. However, we think the only question involved in that case is expressed in the last clause of the first paragraph quoted, supra, "Nor can the purchaser so long as he litigates the right of the complainant to retake and retain possession,

require that he shall proceed, at his peril, to make the sale required by the statute.'' This is all it was necessary for the court to decide in the 94 Tenn. case. It was not necessary to determine what would have been the result if the vendor instead of awaiting the result of the replevin suit had chosen to proceed at his peril to sell just after the execution of the writ. It was not necessary for the court to decide the present case in deciding the case of Lieberman v. Puckett. It was not necessary to say that if the vendor having obtained possession under a writ of replevin and executed a good replevin bond in order to save loss by reason of expense in keeping the property or by reason of decrease in value, elects to advertise within ten days without waiting for the decision of the contested replevin suit, that he thereby loses all benefit of his conditional sale contract and becomes liable for the purchase money received. It was not necessary to so hold in the 94 Tenn. case in order to decide that case, and we do not think it should be so held in any case. The proof shows that the car in question would have deteriorated in value by being held from September until February whereas it brought full value by being sold promptly. It is easy to imagine a case in which the loss resulting from delaying the sale until after the determination of the replevin suit would be most disastrous. The determination of the replevin suit might be delayed much longer than in this case by litigating through all the courts and the property involved from its nature might entail greater expense and suffer greater loss of value. It is easy to conclude that the Legislature did not intend that the vendee while he was contesting the replevin suit and keeping the result in doubt could demand that the vendor at his peril advertise and sell before the determination of the replevin suit, but at the same time it is not reasonable to suppose that the Legislature intended that the vendor should forfeit all benefit under the conditional sales contract, if he chose at his peril, and under penalty of making reparation on his replevin bond, to advertise the property for sale within ten days after obtaining possession from the officer who executed the writ.

We find no error in the judgment of the lower court. The assignments of error are overruled and the judgment is affirmed.

Owen and Senter, JJ., concur.