MODEL GARAGE COMPANY, PLAINTIFF IN ERROR, *v.* DEWEY
A. SANDERS, DEFENDANT IN ERROR.

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

· DONALDSON, MONTGOMERY & ROBERTSON, for plaintiff in
error.

FINKLESTEIN & KERN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Garage Company sold to Sanders an automobile under a contract retaining title for balance purchase money, and upon default replevined the car in an action before a Justice of the Peace and advertised the car for sale, realizing at the sale the fair value thereof at the time, and then brought this suit before the same Magistrate to recover a deficiency balance of $94.34, for which the Magistrate gave judgment in favor of the Garage Company. Sanders appealed to the Circuit Court on the pauper's oath, where the case was heard on a stipulation of facts before the trial judge sitting without a jury and the judgment of the Magistrate reversed and the suit dismissed, and from this judgment the Garage Company has appealed.

It appears from the stipulation of facts that the car was replevined on August 4, 1931, and delivered to the Garage Company, who advertised the car under the conditional sales law and sold it on the 15th day of August, 1931. It appears that the judgment rendered by the Magistrate in favor of the plaintiff Garage Company in the replevin suit was not entered until the 9th day of September. It does not appear on what ground this action in replevin was contested, and no appeal was taken therefrom. The stipulation provides that the sole question for decision in this suit to recover the deficiency balance is, ''Whether or not the Model Garage Company had a right to advertise and sell the said automobile before final hearing and judgment rendered on the replevin writ,'' and further, ''Whether or not the Model Garage Co., could proceed to sell the car as they did when defend-

ant Dewey Sanders controverted their right and litigated same under the writ of replevin on September 9, 1931, car having been sold on August 15, 1931.''

It is agreed that otherwise all conditions and stipulations of the conditional sales law were complied with. The learned trial Judge was of opinion that the case is controlled by the opinion of this Court in *Mitchell* v. *Auto Sales Co.*, 161 Tenn., page 1, which he construed to hold that a conditional vendor may not lawfully proceed with the sale of a car replevined until after final adjudication of the right of possession under a replevin suit. We understand it to be conceded that, but for the construction given the holding in the Mitchell case, the trial court would have felt constrained to follow the holding of the Court of Appeals in *Jones* v. *Smart Motor Co.*, 1 Tenn. App., 297. The Mitchell case, *supra*, was not a case in which possession of the car had been obtained under a writ of replevin, or by other process of law, and reviewing the facts the court held that the possession had not been obtained by consent, or by any agreement which was binding on the purchaser of the car. In the Mitchell case the Court quoted with approval the following statement of the general rule from *Murray* v. *Federal Motor Truck Sales Corporation*, 160 Tenn., 410: ''In several cases this court has declared that possession, authorizing or requiring a sale by the conditional vendor under the statute, must be regained by process of law (by replevin usually) or by agreement of the parties. *Lieberman* v. *Puckett*, 94 Tenn., 274, 29 S. W., 6; *Southern Ice & Coal Co.* v. *Alley*, 127 Tenn., 173, 154 S. W., 536; *Russell* v. *Clinton Motor Co.*, 147 Tenn., 57, 245 S. W., 529.''

In the course of the opinion in the Mitchell case reference was made to the opinion of this Court in *Lieber-*

*man* v. *Puckett,* 94 Tenn., 273, and a quotation was made from the opinion in that case, and it is the language used in the Lieberman opinion which is relied on in the instant case to sustain the insistence, and the holding of the trial court that the conditional vendor may not proceed to sell until after final adjudication in his action of replevin. In the Lieberman case the conditional vendor had failed to advertise the car for sale after obtaining possession of it under a replevin writ, within the time fixed by the statute. Following the filing of a bill in Chancery to replevin certain machinery, the purchaser filed an answer contesting the right to retake the machinery and, making his answer a cross-bill, sought to recover the amount which he had paid, on the theory that the complainant had failed to advertise and sell within ten days after obtaining possession under the replevin writ. The holding in that case was that the purchaser cannot, "so long as he litigates the right of the complainant to retake and retain possession, require that he (the vendor) shall proceed, at his peril, to make the sale required by the statute." The opinion proceeds: "In this case, although complainants had taken possession under their replevin writ, they must be considered as holding that possession to await, in the first instance, the result of that replevin; and, until their right to possession is conceded or fixed by the Court, they are under no obligation to proceed to sell under the statute, nor could they properly do so." It will be at once seen that the question presented in the instant case was not before the court, and we think a distinction is clearly to be taken between the *right* of a conditional vendor to proceed with the sale, after having obtained possession by process of law under a writ of replevin, and his *obligation* to do so,—or otherwise incur the pen-

alty provided for failure to advertise within the ten days fixed by the statute.

It was this distinction which was recognized and applied by the Court of Appeals in *Jones* v. *Smart Motor Co., supra,* opinion by Mr. Justice HEISKELL, affirming the judgment of Judge PITTMAN of the Circuit Court of Shelby. The reasoning of Judge HEISKELL seems to be sound. While conceding that certain language in the Lieberman opinion is so broad as to admit of the construction that the vendor in possession under replevin not only may, but must, delay selling until final judgment in the replevin suit, in recognition of the rule that broad language in an opinion must always be construed in connection with the particular facts of the given case, it was in substance said (1) that the decision went only to the obligation, not to the optional right of the vendor, (2) that the facts of the Lieberman case did not call for any further adjudication, and (3) that while, "it is easy to conclude the Legislature did not intend that the vendee while he was contesting the replevin suit and keeping the result in doubt could demand that the vendor at his peril advertise and sell before the determination of the replevin suit, but at the same time it is not reasonable to suppose that the Legislature intended that the vendor should forfeit all benefit under the conditional sales contract, if he chose at his peril, and under penalty of making reparation on his replevin bond, to advertise the property for sale within ten days after obtaining possession from the officer who executed the writ."

Judge HEISKELL also well says: "The proof shows that the car in question would have deteriorated in value by being held from September until February whereas it brought full value by being sold promptly. It is easy to

imagine a case in which the loss resulting from delaying the sale until after the determination of the replevin suit would be most disastrous. The determination of the replevin suit might be delayed much longer than in this case by litigating through all the courts and the property involved from its nature might entail greater expense and suffer greater loss of value.''

Basis for the recognition of an option in the vendor in this matter of determining whether or not he will proceed promptly to sell, or await final adjudication in his replevin˙ suit, is found in the nature of the remedy by replevin. On the one hand, the writ of replevin issues and possession is obtained only upon the execution of bond, with good and solvent sureties, in double the value of the property, conditioned,—if the judgment is for the defendant,—to return it, with damages for its detention, *or* to pay its value, ''with interest thereon and damages for the detention.'' And in a proper case, by the statute, exemplary damages may be awarded.

The remedy clearly contemplates that the plaintiff, a conditional sale vendor here, may at once proceed to dispose of the property, certainly such property as is in any sense perishable, or liable to depreciate in value if preserved, and provides adequate protection to the defendant in every case.

On the other hand, the defendant may have no substantial defense and yet may appeal from court to court on the pauper's oath (*Scott* v. *Brandon,* 125 Tenn., 314), delaying indefinitely final adjudication, until such a lapse of time as would utterly deprive an ultimately successful plaintiff of all benefits under his just contract. His lawful remedy would be robbed of all effectiveness. The judgment must be reversed, and judgment entered here for the undisputed sum sued for, with interest.