## CHARLES D. ATKINSON v. COMMERCE UNION BANK. —337 S. W. (2d) 894.

Middle Section. February 26, 1960.

Certiorari Denied by Supreme Court September 9, 1960.

Noble Freemon, Jr., Lawrenceburg, for plaintiff.

William E. Boston, James Weatherford, Lawrence-burg, for defendant.

## I

SHRIVER, J. This is a suit to recover payments made on a house-trailer which was sold under a conditional sales contract, after default in the monthly payments and repossession by the holder of the buyer's note, it being alleged that the defendant, Commerce Union Bank, failed to advertise and sell the property as required by the Conditional Sales Act T. C. A. sec. 47-1302.

The plaintiff, Charles D. Atkinson, purchased from General Trailer Sales a 1956 Alma house-trailer. He made a substantial down payment on the purchase price and signed a conditional sales contract for the balance by which it was agreed that he would pay monthly installments on the balance of the purchase price.

The defendant, Commerce Union Bank, purchased the contract and note from General Trailer Sales and, after default in the payment of several of the monthly installments the bank replevied the trailer from the plaintiff by a suit instituted in Humphreys County.

After obtaining possession under the writ of replevin in October 1957 the bank sent the vendee, Mr. Atkinson, a notice that the property would be sold on the 5th of November 1957 at 812 5th Avenue South, Nashville, Tennessee, on the location of the General Trailer Sales. It turned out that the 5th day of November was Election Day, and, on advice of counsel, the bank postponed the sale, readvertising it for sale on the 17th of December 1957 at the same location.

It was then decided by the bank officials and/or their attorney that it was not advisable to hold the sale prior to a determination of the replevin suit and, therefore, the sale was again postponed.

It is shown by the record that the replevin suit came on to be heard on December 2, 1957 in the Circuit Court of Humphreys County, and on that day a judgment was rendered in favor of the Bank. It was then decided to wait until the expiration of 30 days when judgment became final before advertising the trailer for sale. Therefore, on January 2, 1958 advertisement was duly commenced offering the property for sale on the 14th day of January 1958 at the General Trailer Sales, 812 5th Avenue South, Nashville, Tennessee, and the trailer was sold pursuant to said advertisement.

No suit for a deficiency was brought against Mr. Atkinson.

There is no charge of fraud nor any other charge in the declaration except that the defendant, Commerce Union Bank, failed to advertise the property within 10 days after its repossession and to proceed to a sale under such advertisement as required by the Conditional Sales Act, sec. 47-1302, T. C. A.

The suit is for a refund of $2,408.08, being the amount paid by Mr. Atkinson on the trailer prior to its repossession.

Although the trailer was replevied in Humphreys County and the sale held in Davidson County, the suit at bar was brought in Lawrence County where the Commerce Union Bank of Nashville has a branch office.

There was a plea in abatement to the jurisdiction but this was overruled and a decree entered in the Circuit Court of Lawrence County on February 20, 1959 where the case came on to be heard before Judge Joe M. Ingram, without the intervention of a jury. Said decree provides as follows;

"After hearing plaintiff's testimony, defendant made an oral motion to dismiss which the Court sustained. It is the opinion of the Court that said motion is well taken because defendant did not have to advertise and sell said property until the judgment became final in the replevin case, and that the 10 days did not begin to run until January 2, 1958, and that the advertising by the bank on the 3 previous occasions and failures to sell as advertised, is immaterial, to all of which plaintiff excepted and made a motion for a new trial, which the Court overruled this February 20, 1959, and plaintiff is granted 30 days to perfect his appeal and 60 days in which to file his bill of exceptions.

"OK As to Form:
Noble Freemon, Jr. Atty. for plaintiff

"OK For Entry:
Wm. E. Boston    Atty. for defendant

"Enter:

"Joe M. Ingram
Judge"

In Lieberman v. Puckett, 94 Tenn. 273, at page 276, 29 S. W. 6, it was held:

"In this case, although complainants had taken possession under their replevin writ, they must be

considered as holding that possession to await, in the first instance, the result of that replevin, and, until their right to possession is conceded or fixed by the Court, they are under no obligation to proceed to sell under the statute, nor could they do so.''

A similar situation was discussed and adjudicated in Model Garage Co. v. Sanders, 165 Tenn. 168, 54 S. W. (2d) 939, in an opinion by Mr. Justice Chambliss, wherein Lieberman v. Puckett, supra, was discussed and the Court held that although a conditional vendor who has regained possession of the property by replevin upon default of purchaser is not compelled to proceed with the sale until after final judgment in the action of replevin, he *may* advertise and sell before the action of replevin is finally determined, especially if the property is in any sense perishable or likely to depreciate in value.

While it is argued by counsel for the plaintiff that the judgment of December 2, 1957 in the replevin suit was an agreed judgment, there is nothing in the record to support this contention. So far as the record shows the judgment on the replevin was in regular form and might have been appealed from within 30 days after its rendition. This being true, we agree with the trial Judge that it was not necessary for the bank to proceed to advertisement of the property until the judgment in the replevin case became final, which was January 2, 1958.

It is conceded that the advertisement was begun on that date and there is no question as to its being duly and properly advertised and sold other than the time of advertisement and sale hereinabove discussed.

The assignments of error all go to the proposition that the bank violated its statutory duty in failing to sell

the property at one of the times that it first posted notices and proposed to sell and that, in failing to so sell and in waiting until after the judgment in the replevin suit became final, it violated the Conditional Sales Statute thus giving plaintiff the right of recovery of all amounts paid.

As hereinabove indicated, we concur in the conclusions of fact and law of the trial Judge. Therefore, the assignments are overruled and the judgment of the trial Court affirmed with costs.

Affirmed.

Hickerson and Humphreys, JJ., concur.