NEWELL L. JONES, Appellant,

*v.*

BEAMAN PONTIAC COMPANY et al., Appellees.

394 S.W.2d 865.

(*Nashville,* December Term, 1964.)

Opinion filed October 14, 1965.

JAMES P. KELLEY, Nashville, for appellant.

JACOBS H. DOYLE, Nashville, W. W. BERRY, Nashville, of counsel: BASS, BERRY & SIMS, Nashville, for appellees.

44

Mr. Justice Chattin delivered the opinion of the **Court.**

Appellant Newell L. Jones, purchased an automobile from Beaman Pontiac Company under a conditional sales contract. Beaman assigned the sales contract to General Motors Acceptance Corporation. Jones defaulted on his payments provided by the sales contract. General Motors Acceptance Corporation brought an action of replevin against Jones and gained possession of the automobile on May 27, 1964. The case was set for trial on June 4, 1964, in the General Sessions Court of Davidson County. When the case was called for trial on that date, the wife of Jones appeared and requested the case be continued. Pursuant to this request, the case was continued until June 11, 1964.

When the case was called for trial on June 11, 1964, Jones' wife again requested the case be continued. This

request was denied. Jones offered no defense to the replevin action and judgment was entered sustaining the writ of replevin.

On June 12, 1964, the automobile was advertised for sale and sold on June 23, 1964, in accordance with T.C.A. Section 47-1302.

Thereafter, complainant, Newell L. Jones, filed a bill in the Chancery Court against the defendants, Beaman Pontiac Company and General Motors Acceptance Corporation, seeking a recovery of the consideration paid to defendants prior to his default under the sales contract on the theory General Motors Acceptance Corporation failed to advertise and sell the automobile as required by the Conditional Sales Act.

The defendant, Beaman Pontiac Company, demurred to the bill on two grounds: the first being it had not taken part in the repossession of and sale of the automobile; and the second being General Motors Acceptance Corporation had obtained possession by a default judgment on June 11, 1964, and the automobile was advertised and sold as required by law. The Chancellor sustained the second ground of the demurrer and dismissed the bill as to Beaman Pontiac Company. Complainant excepted to this ruling of the Chancellor.

Defendant, General Motors Acceptance Corporation, answered the bill and denied complainant was entitled to a recovery on the theory defendant had not complied with the Conditional Sales Act in the advertisement and sale of the automobile.

The matter was heard by the Chancellor upon the bill and answer on motion of the complainant.

The Chancellor filed a memorandum opinion in which he held the advertisement and sale of the automobile complied with the Conditional Sales Act and dismissed the bill as to the defendant, General Motors Acceptance Corporation.

Complainant has appealed and assigned as error the action of the Chancellor in sustaining the demurrer of Beaman and dismissing the bill as to General Motors Acceptance Corporation.

Specifically, it is the insistence of complainant that General Motors Acceptance Corporation had the option of advertising the automobile for sale within ten days after regaining possession or within ten days after final judgment on the replevin action in the General Sessions Court; and since the advertisement was commenced on June 12, 1964, and the automobile sold on June 23, 1964, neither option had been complied with because Jones had ten days within which to appeal the judgment in the replevin action and the judgment did not become final until June 22, 1964.

T.C.A. Section 47-1302 provides in part:

"When any personal property is so sold upon condition that the title remained in the seller, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, within ten (10) days after regaining said possession, to advertise said property for sale * * *."

In the case of *Lieberman v. Puckett*, 94 Tenn. 273, 29 S.W. 6 (1895), this Court, in construing the foregoing provision of the Act, said:

"The act clearly contemplates two cases,—one where the vendor retakes possession by consent of the purchaser, and the other when it is necessary to regain the possession by process of law in the absence of consent. This can be done by an action of replevin, and if the complainant's right, under his replevin, to hold the property is not controverted as well as when possession is gained by consent, it is the duty of the vendor to at once proceed under the statute to make the sale required; but, where the right to retain the possession under the replevin suit is controverted and litigated, the vendor can not be said to have regained possession in the sense contemplated by the act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession; nor can the purchaser, so long as he litigates the right of the complainant to retake and retain possession, require that he shall proceed at his peril to make the sale required by the statute.

"In this case, although complainants had taken possession under their replevin writ, they must be considered as holding that possession to await, in the first instance, the result of that replevin, and, until their right to possession is conceded or fixed by the court, they are under no obligation to proceed to sell under the statute, nor could they properly do so."

In the Lieberman case, the conditional vendor waited until the determination of the replevin suit before advertising the property for sale and the vendee sought to recover the purchase money paid, because the vendor had not advertised the property within ten days after

acquiring possession under the replevin suit which was contested by the vendee.

In the case of *Jones v. Thos. H. Smart Motor Company*, 1 Tenn.App. 297 (1925), the conditional vendor regained possession of the automobile from the vendees by a replevin action and advertised the automobile for sale the day after the replevin writ was executed.

The conditional vendees filed a plea in the replevin action denying the right of the conditional vendor to recover. At the trial of the replevin suit, which was held several months after the sale of the automobile, judgment was entered for the conditional vendor for the automobile replevied.

Thereafter, the conditional vendees brought an action to recover the amount paid by them on the purchase of the automobile on the ground the conditional vendor had failed to advertise the automobile pursuant to the Conditional Sales Act.

The trial court entered judgment for the conditional vendor. The Court of Appeals affirmed the judgment.

The conditional vendees relied upon the language quoted above in the Lieberman case as meaning a conditional vendor is obligated to await the determination of the contest over the right to possession of personal property before a sale can be legally held under the Conditional Sales Act.

The Court of Appeals, in affirming the judgment of the trial court in the Jones case with respect to the above language, in the Lieberman case, said:

"This language is broad enough to countenance the contention of plaintiffs in error in the present case.

However, we think the only question involved in that case is expressed in the last clause of the first paragraph quoted, supra, 'Nor can the purchaser so long as he litigates the right of the complainant to retake and retain possession, require that he shall proceed, at his peril, to make the sale required by the statute.' This is all it was necessary for the court to decide in the 94 Tenn. case. It was not necessary to determine what would have been the result if the vendor instead of awaiting the result of the replevin suit had chosen to proceed at his peril to sell just after the execution of the writ. It was not necessary for the court to decide the present case in deciding the case of *Lieberman v. Puckett*. It was not necessary to say that if the vendor having obtained possession under a writ of replevin and executed a good replevin bond in order to save loss by reason of expense in keeping the property or by reason of decrease in value, elects to advertise within ten days without waiting for the decision of the contested replevin suit, that he thereby loses all benefit of his conditional sale contract and becomes liable for the purchase money received. It was not necessary to so hold in the 94 Tenn. case in order to decide that case, and we do not think it should be so held in any case. The proof shows that the car in question would have deteriorated in value by being held from September until February whereas it brought full value by being sold promptly. It is easy to imagine a case in which the loss resulting from delaying the sale until after the determination of the replevin suit might be delayed much longer than in this case by litigating through all the courts and the property involved from its nature might entail greater expense and suffer greater loss of value. It is easy to conclude that the Legislature did not

intend that the vendee while he was contesting the replevin suit and keeping the result in doubt could demand that the vendor at his peril advertise and sell before the determination of the replevin suit, but at the same time it is not reasonable to suppose that the Legislature intended that the vendor should forfeit all benefit under the conditional sales contract, if he chose at his peril, and under penalty of making reparation on his replevin bond, to advertise the property for sale within ten days after obtaining possession from the officer who executed the writ.''

To the same effect see the case of *Model Garage Company v. Sanders,* 165 Tenn. 168, 54 S.W.2d 939 (1932).

In the case of *Atkinson v. Commerce Union Bank,* 47 Tenn.App. 306, 337 S.W.2d 894 (1960), the assignee of the conditional vendor, Commerce Union Bank, replevied a house-trailer from the conditional vendee, Atkinson, and did not advertise the trailer for sale until thirty days after judgment in its favor in the circuit court.

The conditional vendee, Atkinson, brought suit against the Bank for payments made toward the purchase of the trailer on the theory the Bank had failed to advertise the property within ten days after its repossession and proceed to a sale as required by the Conditional Sales Act, T.C.A. Section 47-1302.

The trial court sustained the motion to dismiss the suit. It was the opinion of the trial court the Bank did not have to advertise and sell the trailer until the judgment in the replevin case became final. The Court of Appeals affirmed the judgment.

In the case of *Model Garage Company v. Sanders,* supra, this Court held that although a conditional vendor

who has regained possession of the property by replevin upon default of purchaser is not compelled to proceed with the sale until after final judgment in the action of replevin, he may advertise and sell before the action of replevin is finally determined, especially if the property is in any sense perishable or likely to depreciate in value.

██ From the foregoing authorities we are of the opinion the proper interpretation of T.C.A. Section 47-1302 is that a conditional vendor, upon default of a conditional vendee, who regains possession of personal property by consent must advertise for sale the property within ten days after repossession. But where it is necessary to regain possession by process of law, the conditional vendor may advertise the property for sale after repossession or await final determination of the replevin suit before advertising the property for sale.

In the case at bar, it is undisputed General Motors Acceptance Corporation took possession under the replevin writ on May 27, 1964, and the matter was set for trial on June 4, 1964, at which time the cause was continued until June 11, 1964, on application of the wife of Jones.

Thus, General Motors Acceptance Corporation had no way of knowing Jones would not contest the replevin suit until June 11, 1964, at which time a default judgment was entered because of the failure of Jones to controvert the suit.

This is true, because, as a genreal rule, in a General Sessions Court defensive pleadings, other than a plea required by law to be under oath, are oral.

However, Jones insists since he had the right to appeal the judgment in the General Sessions Court within ten

days from the entry of the judgment, the judgment was not final. And, therefore, the advertisement and sale of the automobile was not within the purview of the statute.

■ We do not agree. As pointed out, General Motors Acceptance Corporation did not know Jones would not contest the replevin suit until June 11, 1964, the date of the default judgment. We think, under the facts of this case, the judgment in the replevin case became final as of June 11, 1964, within the meaning of T.C.A. Section 47-1302. It is true Jones could have appealed from the default judgment within ten days from its entry. However, the fact is he failed to do so.

It is our opinion the Chancellor was correct in holding the advertisement and sale of the automobile involved herein was in compliance with T.C.A. Section 47-1302 and in dismissing the bill as to General Motors Acceptance Corporation and sustaining the second ground of the demurrer of Beaman Pontiac Company.

Accordingly, the decree of the Chancellor is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.